## STATE v. JOHN JACOB STAUFFER.

(Filed 14 January, 1966.)

**Automobiles § 71;    Criminal Law § 55—**

An officer who is present at the scene of an arrest for the purpose of assisting in it if necessary is an "arresting officer" within the meaning of G.S. 20-139.1(a), and testimony by such officer as to the result of a Breathalyzer test which he conducted is incompetent.

APPEAL by defendant from *Cowper, J.,* 23 August 1965 Session of LENOIR.

The defendant was tried upon a warrant charging him with the operation of a motor vehicle upon the public streets of the City of Kinston while under the influence of intoxicating liquor in violation of G.S. 20-138. Having been found guilty in the recorder's court of the city, he appealed to the superior court where he was tried *de novo.* The jury returned a verdict of "guilty as charged" and he was fined $100 and costs. From this judgment he appeals to this Court.

The State offered as witnesses Captain Broadway and Officer McIntosh of the Kinston Police Department. Their testimony tends to show:

At approximately 1:45 a.m. on 6 March 1965, Officer McIntosh observed the defendant driving on Queen Street in an unusual manner. He followed the defendant and observed him driving at a rate of speed which was not normal and weaving back and forth upon the left side of the street. Being unable to stop the defendant, he called for assistance. Finally, the defendant suddenly stopped in the middle of the street and Officer McIntosh got out of his car and approached the vehicle of the defendant. At the same time Captain Broadway arrived and he alone talked to the defendant prior to the

arrest. The defendant had a strong odor of alcoholic beverage on his breath, had difficulty in standing, walking, talking and locating his driver's license. Captain Broadway told the defendant that he was placing him under arrest, took him by the arm and carried him to the police station. In his opinion the defendant was very much under the influence.

At the police station the defendant agreed to take a "Breathalyzer" test, this being in response to an inquiry by Captain Broadway. Officer McIntosh, who was found by the court to be an expert in giving Breathalyzer tests, and who had the necessary permit from the State Board of Health, administered such a test to the defendant, this being done approximately 25 minutes after he had first observed the defendant operating his automobile upon the street. He was permitted by the court, over objection by the defendant, to testify as to the results of the test and that, based upon these results, he was of the opinion that the defendant was appreciably under the influence of some intoxicating beverage. He also testified that upon the basis of his observation of the defendant, apart from the test, he was of the same opinion.

*Attorney General Bruton and Assistant Attorney General Harrell for the State.*

*Turner & Harrison for defendant appellant.*

PER CURIAM. G.S. 20-139.1(a) provides that in any criminal action arising out of acts alleged to have been committed by any person while driving a vehicle under the influence of intoxicating liquor, the amount of alcohol in the person's blood at the time alleged, as shown by chemical analysis of the person's breath, shall be admissible in evidence. However, paragraph (b) of this section states expressly, "[I]n no case shall the arresting officer or officers administer such test."

The purpose of this limitation in the statute is to assure that the test will be fairly and impartially made. An officer, who is present at the scene of the arrest for the purpose of assisting in it, if necessary, is an "arresting officer" within the meaning of this statute even though a different officer actually places his hand upon the defendant and informs him that he is under arrest.

Officer McIntosh was, therefore, forbidden by the statute to make the Breathalyzer test of the defendant and it was error to permit him to testify as to the result of the test and as to his opinion based thereon. This was prejudicial to the defendant notwithstanding the presence in the record of other evidence which, considered alone, would have been sufficient to support the verdict.

New trial.