STATE OF NORTH CAROLINA v. RALPH LAND SHADDING

No. 727SC599

(Filed 17 January 1973)

1. Criminal Law § 22— reading of warrant at arraignment — charge of second offense — no error

   The solicitor's reading at arraignment of a warrant charging defendant with driving under the influence, second offense was harmless error where the trial court clearly instructed the jury on driving under the influence, first offense and where defendant failed to show that a different result would likely have occurred.

2. **Criminal Law § 73— testimony as to telephone conversation — admissibility to explain witness's actions**

In a drunk driving case, testimony of the arresting officer with respect to a telephone call was admissible, not to prove the truth of the telephone conversation, which was not stated, but to explain the subsequent actions of the witness.

3. **Automobiles § 126— time lapse — consumption of alcohol after arrest — admissibility of breathalyzer test results**

There was no merit in defendant's contention that a breathalyzer test given him two hours after his arrest had no probative value because it was not timely made, nor was there merit in his contention that the test results lacked probative value because defendant testified that he had consumed alcohol after his arrest.

4. **Automobiles § 126— failure to give statutory warnings before administering breathalyzer test — admissibility of results**

Where the State offered no evidence upon the question of whether defendant had been notified of his right to call an attorney and to select a witness to view breathalyzer testing procedures in accordance with G.S. 20-16.2(a), results of the test were inadmissible, and admission of the results over defendant's objection constituted prejudical error.

APPEAL by defendant from *Martin (Harry C.), Judge,* 7 February 1972 Session of Superior Court held in WILSON County.

Defendant was tried on charges in two separate warrants: (1) in case number 71CR2423, operating a motor vehicle while under the influence of intoxicating liquor; and (2) in case number 71CR2435, driving after his license had been revoked by violating the terms of limited driving privileges.

The State's evidence tended to show the following facts. On 9 April 1971 Sgt. Parrish of the Statonsburg Police Department was parked near Highway 58 looking for an automobile being operated by defendant. He observed an automobile he thought was defendant's weaving slightly down the road. After that car passed his position, he pulled out and followed it into the driveway of defendant's home. Sgt. Parrish drove his patrol car into the driveway, got out of his car, and went up to defendant's car. When the defendant-driver got out of his car, he was staggering and unsteady on his feet. He had a strong odor of alcohol on his breath, and his clothes were in a dishabilled condition. At the time Sgt. Parrish followed defendant into the driveway it was 7:30 p.m. In the officer's opinion, defendant was under the influence of some intoxicating bever-

State v. Shadding

age, and he arrested defendant for operating a motor vehicle while under the influence of intoxicating liquor. Defendant was given a breathalyzer test at 9:28 p.m. and registered point two five percent. On the night in question, defendant had a limited driver's license that prohibited him from driving after 7:00 p.m.

Defendant offered evidence which tended to show the following: On the day in question defendant arrived home from work at about 6:20 p.m.; that he had not been drinking prior to arriving home, but, once home, he took a drink from a bottle of bourbon he kept hidden in an easily accessible place under his house; that he was having a drink in his car when Sgt. Parrish arrived several minutes later; that defendant placed the bottle under his belt, hidden by his shirt; that after being arrested, he was locked into Sgt. Parrish's patrol car for about two hours before being given a breathalyzer test; that while he was in the patrol car alone, he consumed most of the ⅔ of the bottle of bourbon that he had secreted under his shirt; that he was not under the influence of intoxicating liquor at the time he operated his motor vehicle.

Upon a plea of not guilty, defendant was tried by a jury and found guilty of both charges. Defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Melvin, for the State.*

*Farris and Thomas, by Robert A. Farris, for the defendant.*

BROCK, Judge.

[1] Defendant first assigns as error the Court's refusal to grant a continuance after the Solicitor arraigned defendant upon a charge of second offense of driving under the influence, stating that defendant had previously been convicted of driving under the influence. At arraignment the Solicitor merely read the warrant used in District Court. Defendant contends that this was prejudicial error since he was not convicted of second offense driving under the influence in District Court, and was not on trial for that charge in Superior Court. Assuming, without deciding, that the Solicitor's reading of the warrant was error, it does not constitute prejudicial error in this case. The Court clearly instructed the jury only on driving under the influence, first offense. The instruction, coupled with defendant's

failure to show that a different result would likely have occurred, renders such error harmless.

[2]   Defendant assigns as error the Court's allowance of the following testimony by Sgt. Parrish: "at about 7:30 on that evening, we received a call, as a result of a call—"; and ". . . which led us to believe it might have been the car we were after." This evidence was admissible, not to prove the truth of the telephone conversation, which was not stated, but to explain the subsequent actions of the witness. This evidence was admissible to explain the location and observations of the police officer. *See* Stansbury, N. C. Evidence 2d, § 138, 141. This assignment of error is overruled.

[3] . Defendant contends it was error for the Court to admit into evidence the results of the breathalyzer test. Defendant argues that the test has no probative value since it was not timely made (given two hours after the arrest) and since defendant testified that he consumed alcohol after his arrest. There is no merit in defendant's contention that a breathalyzer test given two hours after an arrest has no probative value because it is not timely made. Likewise, there is no merit in defendant's contention that the test results lacked probative value because defendant testified he had consumed alcohol after his arrest. Whether defendant drank alcohol after his arrest was a jury question. The trial judge gave a proper instruction to the jury on this assertion. *See State v. Cooke,* 270 N.C. 644, 155 S.E. 2d **165.**

[4]   Defendant further contends that the breathalyzer test results were inadmissible because there was no evidence that defendant was advised of his right to have counsel or a witness present to view the taking of the test. Defendant does not contend that this is a constitutional right, but argues that it is specifically required by statute. G.S. 20-16.2 (a) provides that "the accused person shall be permitted to call an attorney and to select a witness to view for him the testing procedures providing, however, that the testing procedures shall not be delayed for these purposes for a period of over 30 minutes from the time the accused person *is notified of these rights.*" (Emphasis added.) It seems to be the clear legislative intent that the accused be notified of the right to call an attorney and to select a witness to view the breathalyzer test. The test can be delayed 30 minutes from the time of notification to the accused. Such rights of notification, explicitly given by statute, would be

State v. Shadding

meaningless if the breathalyzer test results could be introduced into evidence despite non-compliance with the statute.

Upon objection by defendant to evidence of the results of a breathalyzer test upon the grounds that he had not been notified of his right to call an attorney and to select a witness to view the testing procedures in accordance with G.S. 20-16.2(a), the trial court must conduct a hearing and find as a fact from the evidence whether defendant was so notified prior to the administering of the breathalyzer test. If it is found that defendant was so notified, the trial court must also find as a fact from the evidence whether the administering of the breathalyzer test was delayed (not to exceed thirty minutes from the time defendant was notified of such rights) to give defendant an opportunity to call an attorney and select a witness to view the testing procedures, or whether defendant waived such rights after being advised of them. If defendant was not notified of such rights, the results of the test are not admissible in evidence. On the other hand, if it is determined that he was advised of such rights, and did not waive them, the results of the test are admissible in evidence only if the testing was delayed (not to exceed thirty minutes) to give defendant an opportunity to exercise such rights.

Defendant specifically objected upon these grounds, but the State offered no evidence upon the question of whether defendant was advised of his rights under G.S. 20-16.2(a). The failure to establish that defendant was accorded his statutory rights rendered the results of the breathalyzer test inadmissible in evidence, and its admission over objection constituted prejudicial error.

No error in case number 71CR2435 (driving after his license had been revoked).

New trial in case number 71CR2423 (operating a motor vehicle while under the influence of intoxicating liquor).

Chief Judge MALLARD and Judge BRITT concur.