STATE OF NORTH CAROLINA v. CHARLES GRIER JENKINS

No. 7427SC196

(Filed 15 May 1974)

1. **Automobiles § 129— drunken driving — opinion testimony — recapitulation**

   Where an officer gave opinion testimony that defendant's faculties were impaired due to the use of an alcoholic beverage, the trial court did not err in instructing the jury that "in the opinion of the officer, the defendant was under the influence of some intoxicating liquor," since the officer's testimony was tantamount to an opinion that defendant was under the influence of an intoxicating beverage.

2. **Automobiles § 129— drunken driving — breathalyzer test — finding by a jury — instructions**

   In a drunken driving case, the trial court was not required to instruct the jury that they must find that the breathalyzer test given defendant was administered in accordance with State Board of Health regulations in order to find defendant guilty.

APPEAL from *Snepp, Judge,* 24 September 1973 Session of GASTON County Superior Court.

Defendant was charged with driving while under the influence of an intoxicant. He was convicted in the District Court

and on trial *de novo* in Superior Court. At the Superior Court trial, the arresting officer testified that he observed the defendant weaving from side to side as he drove on the public highway. Defendant was arrested, read his rights and taken to the police station where he was given a breathalyzer test before he had anything else to drink. In response to the solicitor's question whether the arresting officer had an opinion whether defendant was "under the influence of intoxicating liquor at the time he operated the motor vehicle on the state highway," the officer responded "It's my opinion that his mental and physical factors were impaired due to the use of some alcoholic beverage."

The breathalyzer operator who administered the test testified that he had a permit from the North Carolina Board of Health to administer the test and that the test he administered to defendant was conducted pursuant to the rules and regulations of the Board of Health. Defendant's blood alcohol level was .17 percent.

In his instruction to the jury, the trial court instructed:

"If you should find from the evidence and beyond a reasonable doubt that the chemical test indicated one-tenth of one percent or more by weight of alcohol in the defendant's blood, you may infer from this evidence that the defendant was under the influence of intoxicating liquor."

Defendant was found guilty by the jury, and from the signing and entry of judgment, he appealed.

*Attorney General Morgan, by Deputy Attorney General White, Assistant Attorney General Byrd, and Associate Attorney Heidgerd, for the State.*

*Childers and Fowler, by Henry L. Fowler, Jr. and Max L. Childers, for defendant appellant.*

MORRIS, Judge.

[1]  Defendant assigns error to the trial court's instructing the jury that "in the opinion of the officer, the defendant was under the influence of some intoxicating liquor." It is his contention that the court erred in recapitulating incompetent evidence to the jury. However, the competency of this statement is not before us inasmuch as no motion was made to strike the statement and no exception to its competency has been brought

forward. Thus, we consider only whether the trial court properly stated the evidence before the jury. It is true that the officer did not testify that in his opinion the defendant was under the influence of an intoxicant; rather, he testified that defendant's faculties were impaired due to the use of an alcoholic beverage. A person is under the influence within the meaning of G.S. 20-138 when he has drunk a sufficient amount of intoxicating beverage or taken a sufficient amount of narcotic drug to cause him to lose normal control of his bodily or mental faculties or both to such an extent that there is an appreciable impairment of either or both of these faculties. *State v. Ellis*, 261 N.C. 606, 135 S.E. 2d 584 (1964) ; *State v. Carroll*, 226 N.C. 237, 37 S.E. 2d 688 (1946). The response of the officer was tantamount to an opinion that defendant was under the influence of an intoxicating beverage. The evidence offered by both the State and the defendant is recapitulated with reasonable accuracy. This is sufficient. Additionally, it has long been the general rule that objections to the charge of the court in reviewing the evidence must be made before the jury retires, so that the court may have the opportunity to correct any mistakes. Otherwise, the objection is deemed waived and will not be considered on appeal. *State v. Gaines*, 283 N.C. 33, 194 S.E. 2d 839 (1973).

[2]   Defendant next assigns error to the failure of the trial court to instruct the jury that they must find beyond a reasonable doubt that the breathalyzer test was administered according to State Board of Health regulations before they found defendant guilty. Officer Brooks testified that he administered the test in accordance with the prescribed rules, and the court instructed the jury to this effect. There is no requirement that the jury be instructed that they must find that the test was administered in accordance with Board of Health regulations.

We note in passing that the breathalyzer test itself does not—as the court instructed—give rise to the inference that defendant was under the influence. Rather, the evidence of the results of the test create that inference. However, the charge, when read contextually, sufficiently applied the law to the facts, and we perceive no prejudicial error in defendant's trial.

No error.

Judges CAMPBELL and VAUGHN concur.