STATE OF NORTH CAROLINA v. JOSEPH E. FULLER

No. 7415SC768

(Filed 25 November 1974)

1. **Indictment and Warrant § 8— one warrant — two offenses charged**

   A warrant containing two separate counts and charging all the essential elements of driving under the influence and reckless driving was sufficient to charge defendant with those crimes.

2. **Automobiles § 127— driving under influence — reckless driving — sufficiency of evidence**

   Evidence was sufficient to be submitted to the jury in a prosecution for driving under the influence and reckless driving where it tended to show a high speed chase with defendant driving at speeds over 100 mph on the wrong side of the road and failing to stop at intersections, and where it tended to show that defendant had a strong odor of alcohol about him and the results of the breathalyzer test were .16.

3. **Automobiles § 126— breathalyzer test — warning to be given defendant**

   A defendant being given a breathalyzer test must be informed that he has a right to refuse to take the test but refusal will result in the revocation of his driver's license for six months, defendant may have any qualified person of his choosing administer a chemical test in addition to any administered by the law enforcement officer, and defendant has the right to call an attorney and select a witness to view the procedure. G.S. 20-16.2.

4. **Automobiles § 126— breathalyzer test — failure to advise defendant of rights — results inadmissible**

   Failure of the State to establish that defendant was advised that he had the right to have an additional test administered by a qualified person of his own choosing rendered the results of the breathalyzer test administered by a law enforcement officer inadmissible.

APPEAL by defendant from *Clark, Judge,* 6 May 1974 Session of Superior Court held in ALAMANCE County. Heard in the Court of Appeals 21 October 1974.

Defendant was charged with careless and reckless driving in violation of G.S. 20-140, driving under the influence of intoxicating liquors in violation of G.S. 20-138 and resisting an

officer in violation of G.S. 14-223. After hearing the evidence, the jury returned verdicts of guilty as charged. From a judgment imposing a sentence of not less than four nor more than six months for the crimes of driving under the influence of intoxicating liquors and resisting an officer, defendant appealed. Prayer for judgment was continued for five years on the charge of careless and reckless driving.

*Attorney General Carson, by Assistant Attorneys General Melvin and Ray, for the State.*

*David M. Dansby, Jr., for defendant appellant.*

MORRIS, Judge.

Defendant failed to docket his appeal within the time provided by our rules. In other respects he has failed to comply with the rules, i.e., failing to set out in his brief the exceptions on which he relies with a reference to the page in the record where the exception can be found. We have, however, elected to treat his appeal as a petition for a writ of certiorari and grant review of his trial.

[1] He first contends that his motion to quash the warrant, timely made on the ground that it was duplicitous, should have been granted. He complains that the warrant charged the defendant with driving under the influence and reckless driving. These were separate and distinct violations of the law, of the same class, and growing out of the same transaction. "The separate offenses charged in the same warrant or indictment are to be considered and treated as separate counts." *State v. Jarrett,* 189 N.C. 516, 519, 127 S.E. 590 (1925). Where the warrant or indictment contains separate counts, each count should be complete in itself. *State v. Jones,* 275 N.C. 432, 168 S.E. 2d 380 (1969). Here each count charged all the essential elements constituting the violation of law charged. This assignment of error is overruled.

[2] Defendant also contends that the denial of his motions for judgments as of nonsuit constituted prejudicial error. We do not see the necessity for going into lengthy detail with respect to the evidence. Suffice it to say that the evidence presented was more than sufficient to take the charges to the jury. The State's evidence disclosed a high speed chase with defendant driving at speeds over 100 miles per hour on the wrong side of the road, and failing to stop at intersections. It further tended to show

State v. Fuller

that defendant, who had a knife in his right hand pants pocket and had his hand in that pocket when ordered to stop by the officer, had gotten out of his car and had run back of the house and actively resisted the officer's attempt to handcuff him. Further, the evidence was that defendant had a strong odor of alcohol about him and the results of the breathalyzer test were .16. This assignment of error is feckless.

Defendant urges that the court erred in allowing into evidence the results of the breathalyzer test because the defendant was not advised by the law enforcement officers of his right to have a test of his own choosing administered. Defendant cites in his brief and apparently relies upon G.S. 20-139.1(d). However, he omits from his quotation of the statute a very important sentence. The entire statutory provision, with the portion omitted by defendant underlined, is as follows:

"The person tested may have a physician, or a qualified technician, chemist, registered nurse, or other qualified person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a law-enforcement officer. *The failure or inability of the person tested to obtain an additional test shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law-enforcement officer.* Any law-enforcement officer having in his charge any person who has submitted to the chemical test under the provisions of G.S. 20-16.2 shall assist such person in contacting a qualified person as set forth above for the purpose of administering such additional test."

[3] G.S. 20-16.2, as amended in 1969, provides that any person who operates a motor vehicle upon the highways of this State is deemed to have given consent to having administered to him a breathalyzer test. That statute also provides that the person authorized to administer the chemical test shall advise the person arrested "both verbally and in writing and shall furnish the person a signed document setting out: (1) That he has a right to refuse to take the test; (2) That refusal to take the test will result in revocation of his driving privilege for six months; (3) That he may have a physician, qualified technician, chemist, registered nurse or other qualified person of his own choosing administer a chemical test or tests in addition to any administered at the direction of the law enforcement officer; and (4) That he has the right to call an attorney and

State v. Fuller

select a witness to view for him the testing procedures; but that the test shall not be delayed for this purpose for a period in excess of 30 minutes from the time he is notified of his rights." Prior to the 1969 amendment requiring that the arrested person shall be advised of his right to have another test administered, this court in *State v. McCabe,* 1 N.C. App. 237, 161 S.E. 2d 42 (1968), in an opinion written by Campbell, Judge, held that the arrested person had, as the operator of a motor vehicle, given his implied consent for the test to be administered and the failure of the officers before the test was administered to advise the defendant that he had a right to refuse to take the test was not error.

After the 1969 amendment, this Court, in *State v. Allen,* 14 N.C. App. 485, 188 S.E. 2d 568 (1972), in an opinion by Campbell, Judge, concurred in by Chief Judge Mallard and Judge Brock (now Chief Judge), said again that where defendant was not advised of his right to refuse to take the breathalyzer test, the results were admissible in evidence, citing *McCabe.*

In *State v. Shadding,* 17 N.C. App. 279, 194 S.E. 2d 55 (1973), cert. denied 283 N.C. 108 (1973), the defendant contended that the breathalyzer test results were inadmissible because there was no evidence that the defendant was advised of his right to have counsel or a witness present to view the taking of the test. In an opinion by Brock, Judge (now Chief Judge), joined by Chief Judge Mallard and Britt, Judge, this Court held:

"If defendant was not notified of such rights, the results of the test are not admissible in evidence."

The Court granted defendant a new trial, and the cause was remanded for determination to be made after a hearing to be conducted by the trial court. The defendant did not base his contention on constitutional rights but upon the fact that the right of a defendant to be so advised is a right specifically required by statute. These rights were accorded by the 1969 General Assembly to a person arrested for driving a motor vehicle while under the influence of alcohol. The *McCabe* holding is, therefore, not in conflict with *Shadding. State v. Allen* does appear to be in conflict. It, however, did not refer to G.S. 20-16.2 and relied entirely on *McCabe* and the philosophy therein expressed by Judges Campbell, Brock and Parker. The Court there noted that there was no violence used in making

the test and there was no conduct that "shocks the conscience" or "offends a sense of justice." While we agree with that reasoning, we must agree, as is pointed out in *Shadding, supra,* that the General Assembly now requires that a defendant in a situation such as the one presented by this case *must* be advised of the rights set out in G.S. 20-16.2 by the "person authorized" to give the test. If the failure to give them is not going to preclude the admission in evidence of the test results, the General Assembly must delete the requirement.

[4]  In the case before us the officer who administered the test testified that he advised the defendant of his right to refuse to take the test, of his right to have witnesses present, of his right to have an attorney present and that he would be given 30 minutes to get the witness. However, the record is silent as to whether he advised defendant of his right to have an additional test administered by a qualified person of his own choosing as provided by G.S. 20-16.2.

Should it be established that defendant was advised of his right to have another test, and he failed to obtain one or was unable to obtain one, G.S. 20-139.1 (d) provides that the admissibility in evidence of the results of the test administered is not precluded.

The failure of the State to establish that defendant was accorded this statutory right, in addition to the others which he was properly accorded, rendered the results of the breathalyzer test inadmissible in evidence. Its admission over objection constituted prejudicial error.

New trial.

Judges HEDRICK and BALEY concur.