STATE OF NORTH CAROLINA v. PERCY WILMER DAIL, JR.

No. 741SC958

(Filed 7 May 1975)

1. Automobiles § 127— drunken driving — sufficiency of evidence

The State's evidence was sufficient for submission to the jury in a prosecution for a second offense of drunken driving where it tended to show that a highway patrolman saw defendant driving his automobile in a weaving pattern for four to five hundred feet, defendant was unsteady on his feet, his speech was slurred and his eyes were red and glassy, defendant did not perform agility tests satisfactorily, a breathalyzer test disclosed that defendant's blood contained .15 percent by weight of alcohol, and defendant stipulated that he had been previously convicted of drunken driving.

2. Automobiles § 126; Criminal Law § 64— breathalyzer test — arresting officer

A highway patrolman was not an "arresting officer" so as to be disqualified by the proviso to G.S. 20-139.1(b) from administering a breathalyzer test to defendant where defendant had been arrested by another officer and was sitting in the patrol car with that officer, the patrolman was called by radio to come to the police station to administer the breathalyzer test, the patrolman arrived at the arrest scene because it was on his direct route to the police station, and he stopped there solely to assist in moving defendant's car out of the way of traffic, not to assist in the arrest, which was already fully accomplished.

Appeal by defendant from *Wells, Judge.* Judgment entered 26 June 1974 in Superior Court, CHOWAN County. Heard in the Court of Appeals 11 February 1975.

This is an appeal from judgment imposed upon verdict finding defendant guilty of the charge of operating a motor vehicle on a public highway while under the influence of intoxicating liquor, this being his second offense.

*Attorney General Edmisten by Associate Attorney General Elisha H. Bunting, Jr. for the State.*

*Carter W. Jones for defendant appellant.*

PARKER, Judge.

[1] By motions for directed verdict of not guilty, for nonsuit, and for dismissal, defendant challenged the sufficiency of the evidence to take the case to the jury. The State presented the testimony of two State Highway Patrolmen. Patrolman Chap-

pell testified that on the date stated in the warrant he saw defendant operate his automobile for a distance of approximately four to five hundred feet on U. S. Highway 17 just inside the city limits of Edenton, that the vehicle was "in a constant weaving pattern," that he stopped the car and found defendant to be its operator and sole occupant, that he detected a strong odor of intoxicants about defendant, and that when defendant got out of the car, defendant was unsteady on his feet, his speech was slurred, and his eyes were red and glassy. Officer Chappell found a partially filled can of beer in a holder located on the driver's side door, and defendant told the patrolman he had been drinking beer. Chappell administered a number of performance and agility tests to defendant to determine whether he was intoxicated, and defendant did not perform satisfactorily. Patrolman Newberry, who administered a breathalyzer test to defendant, testified that the test disclosed that defendant's blood contained 0.15 percent by weight of alcohol. Each patrolman testified that in his opinion defendant was under the influence of some alcoholic beverage. Defendant stipulated that he had been once previously convicted of the same offense as charged in the warrant.

The State's evidence was amply sufficient to require submission of the case to the jury. Such inconsistencies and discrepancies as existed in the State's evidence were for the jury to resolve and would not warrant nonsuit. 2 Strong, N. C. Index 2d, Criminal Law, § 104. Defendant's assignments of error directed to the denial of his various motions challenging the sufficiency of the evidence are overruled.

[2] Defendant assigns error to denial of his motions to suppress all evidence as to results of the breathalyzer test. In this connection defendant contends that Patrolman Newberry, who admistered the breathalyzer test, was an "arresting officer" and therefore was disqualified to administer the test under the proviso to G.S. 20-139.1(b) which provides "that in no case shall the arresting officer or officers administer said test." The evidence, both that presented before the jury and upon a voir dire examination before the judge, disclosed the following: After Patrolman Chappell stopped defendant and observed his condition, he placed defendant under arrest and put defendant in his patrol car. He then radioed to Patrolman Newberry, who was qualified to administer the breathalyzer test, and asked him to come in to administer the test. When Newberry received this

message, he was in his own patrol car some distance away. His most direct route to the police station, where the breathalyzer machine was located, took him past defendant's automobile, which was still in the traveled portion of the highway where it had been stopped. Chappell's patrol car, in which Chappell and defendant were seated, was still at the scene. At Chappell's request, Patrolman Newberry stopped, got out of his patrol car, and drove defendant's car off of the highway and into the parking lot of a nearby motel. Newberry testified that he did not see defendant at the scene, though he recalled that another person was seated in the front seat of Chappell's patrol car along with Trooper Chappell. Newberry did not speak to defendant at the scene and did not then know him. As Newberry was parking defendant's car, Chappell left with the defendant in his patrol car for the police station, and the two were in the station waiting when Newberry later arrived in his patrol car.

This evidence fully supports the trial court's ruling that Newberry was not an arresting officer so as to be disqualified by the proviso to G.S. 20-139.1 (b) from administering the breathalyzer test. *State v. Stauffer,* 266 N.C. 358, 145 S.E. 2d 917 (1966), cited and relied on by defendant, is clearly distinguishable on its facts. There, the officer who administered the test was the very person who first noticed the unusual manner of driving of the defendant in that case, who stopped the automobile, and who first approached the stopped vehicle. Clearly in that case the officer involved was "present at the scene of the arrest for the purpose of assisting in it, if necessary." 266 N.C. at 359. Here, the defendant was already under arrest and was seated in the patrol car of the arresting officer when Newberry first arrived on the scene. Newberry had not been called to the scene for any purpose of assisting in the arrest and he in no way did assist in the arrest. He arrived at the scene merely because it happened to be on his direct route to the police station, and he stopped there solely to assist in moving the defendant's car out of the way of traffic, not to assist in the arrest, which was already fully accomplished. The fact that Newberry testified on cross-examination by defendant's counsel that "[i]f trouble had developed with the defendant [he] would have assisted Mr. Chappell with that too," did not make him an arresting officer in this case. No such trouble did develop nor does anything in the evidence suggest that Chappell had any reason to anticipate that it might or that Newberry was on the scene for any such eventuality. On the contrary, Chappell testified

that "Mr. Dail responded to my questions and was cooperative with me throughout the whole thing." We hold that the trial court did not err in ruling that Patrolman Newberry was not an arresting officer in this case and that he was not disqualified from administering the breathalyzer test.

Finally, the evidence discloses that the test was administered in compliance with all applicable statutory requirements. In connection with the two requirements made by G.S. 20-139.1(b) for the breathalyzer test to be considered valid, defendant stipulated that Officer Newberry was "a licensed operator and possessed the prerequisite permit at the time he administered the test to this defendant," and Newberry testified "that he did administer the breathalyzer test to Mr. Dail on this occasion according to the methods and rules approved by the North Carolina Commission for Health Services." The results of the test were properly admitted in evidence. *State v. Powell,* 279 N.C. 608, 184 S.E. 2d 243 (1971).

We have carefully reviewed defendant's remaining assignments of error, and find no prejudicial error.

No error.

Judges MORRIS and HEDRICK concur.