State v. Green

No error.

Judges HEDRICK and CLARK concur.

STATE OF NORTH CAROLINA v. HORACE JUNIOR GREEN

No. 751SC471

(Filed 19 November 1975)

1. Criminal Law § 7— officer's observation of drunk defendant in restaurant — subsequent arrest for driving under influence — no entrapment
    Where an officer saw defendant in a restaurant, observed that he was drunk, observed that he had a truck outside the restaurant, and advised him not to drive the truck but to sleep for a while or call someone else to come drive for him, the officer's failure to arrest defendant on a charge of public drunkenness upon observing his conduct in the restaurant but waiting for some several minutes and arresting him for operating a motor vehicle while under the influence of intoxicating liquor upon observing him driving his truck did not amount to entrapment.

2. Automobiles § 126— breathalyzer test — impartiality of administering officer
    Though the officer who administered a breathalyzer test to defendant had observed defendant within 30 or 40 minutes prior to his arrest, the officer was nevertheless fair and impartial, since he was not the arresting officer, nor was he present at the time of the arrest.

3. Automobiles § 126— breathalyzer test — sufficiency of warnings given to defendant
    Defendant was fully and completely advised of his rights before a breathalyzer test was administered to him, and the officer's error in stating that defendant could have a physician, registered nurse, or a qualified technician or qualified person of his own choosing to administer the test under the direction of a law officer instead of stating that defendant could have a qualified person of his choosing to administer a test or tests *in addition to* any administered at the direction of the law enforcement officer did not deny defendant his rights.

APPEAL by defendant from *Smith, Special Judge.* Judgment entered 20 January 1975, in Superior Court, GATES County. Heard in the Court of Appeals 23 September 1975.

On appeal to the Superior Court from a conviction in District Court, defendant was convicted of driving a motor vehicle under the influence of intoxicating liquor. The State's evidence was substantially as follows: On 1 February 1974, at 3:45 p.m.,

Highway Patrolmen Edwards and Harrell were having coffee at a restaurant in Gates County. Edwards saw defendant in the restaurant and observed that he was drunk. He also observed that defendant had a truck parked outside the restaurant. He advised defendant not to drive the truck away from the restaurant but to sleep for a while in the truck or call someone to come drive for him. Defendant agreed. Edwards and Harrell then left the restaurant. Each was in his own patrol car, and they went in different directions. At 4:10 p.m. Edwards saw defendant's truck on U. S. Highway 13 north of the restaurant. Defendant was driving and proceeding slowly in a northerly direction. He was not weaving across the center line, getting off the hard surface, or in any other respect driving improperly. Edwards stopped defendant and saw that he was still drunk. He swayed as he walked, his speech was difficult to understand, and there was a very strong odor of alcohol about his person. Edwards placed defendant under arrest and took him to the magistrate's office. He advised him of his rights and then administered the "balance test" and "finger to nose" test. On the balance test defendant swayed back and forth and on the "finger to nose" test, defendant touched his cheek under his left eye. Defendant told Edwards that he was then in Suffolk, whereas he was in Gates County at Eason's Crossroads. Edwards called Patrolman Harrell to administer the breathalyzer test. On that test a reading of .22% resulted.

Defendant offered no evidence but appealed from the judgment entered on the verdict of guilty.

*Attorney General Edmisten, by Associate Attorney Elisha H. Bunting, for the State.*

*L. Herbin, Jr., for defendant appellant.*

MORRIS, Judge.

[1, 2] By his first two assignments of error defendant contends that the court erred in overruling his motions for a "directed verdict of not guilty." He argues that the officer's failure to arrest defendant on a charge of public drunkenness upon observing his conduct in the restaurant but waiting for some several minutes and arresting him for operating a motor vehicle while under the influence of intoxicating liquor upon observing him driving his truck, constituted entrapment. While appellate courts generally do not attempt to draw a definite

line of demarcation between what is and what is not entrapment because each case must be decided on its own facts, it appears that, in this State, entrapment exists if "an officer or his agent, for the purpose of prosecution, procures, induces or incites one to commit a crime he otherwise would not commit but for the persuasion, encouragement, inducement, and importunity of the officer or agent. If the officer or agent does nothing more than afford to the person charged an opportunity to commit the offense, such is not entrapment." *State v. Caldwell,* 249 N.C. 56, 59, 105 S.E. 2d 189 (1958). It is clear that upon the facts of the case before us, entrapment is not available as a defense. Defendant also contends that the State's case should have been nonsuited, because Officer Harrell administered the breathalyzer test when he had observed defendant within 30 or 40 minutes prior to his arrest. For that reason defendant urges that Officer Harrell could not be the fair and impartial witness required by *State v. Stauffer,* 266 N.C. 358, 145 S.E. 2d 917 (1965). We find this argument to be totally without merit. Officer Harrell was not the arresting officer, nor was he present at the time of the arrest.

For the same reason, defendant contends that the testimony of Officer Harrell with respect to the results of the breathalyzer test should have been suppressed upon his motion made prior to the officer's testimony. We find this contention to be without merit. Defendant further argues that the testimony of Officer Harrell with respect to the results of the test should be stricken. The testimony of Officer Harrell came in without objection. However, at the end of the direct examination of the officer, defendant moved to strike "all the testimony relative to the administering of the breathalyzer test pursuant to G.S. 20-16.2." The court denied the motion. Defendant contends that the basis for the motion at that time was that the officer had not given defendant all the warnings to which the statute entitled him. That aspect of defendant's argument will be considered separately. Suffice it to say at this point that even if defendant's contentions upon the basis he now asserts were properly before us, we would find his position meritless.

We now consider defendant's fifth assignment of error by which he contends that all testimony of the officer with respect to administering of the breathalyzer test and its results should be stricken because proper warnings were not given defendant.

[3]   Trooper Harrell testified that he advised the defendant verbally and in writing that he had a right to refuse to take the breathalyzer test and that if he refused to take it, his license would be revoked for six months. Thereafter the solicitor asked: "What other rights did you inform him of?" To this question, the witness answered as follows: "First, you have a right to refuse to take this test. Your refusal to take this test will result in revocation of your driving privilege for a period of six months. Third, you may have a physican, registered nurse, or a qualified technician or a qualified person of your own choosing to administer the chemical test under the direction of a law officer." No objection appears to this testimony. Immediately following it appears "Exception Number 9(b)." The officer further testified that he read to the defendant "the fourth right, you have a right to call your attorney and select a witness to view for you the testing procedure provided the test shall not be delayed for a period in excess of thirty minutes from the time you are notified of your rights." He stated further that the defendant was advised at 4:30 p.m. of these rights, both verbally and in writing, and defendant, at no time, requested permission to contact an attorney or any other person. The breathalyzer test was administered at 5:06 p.m. and no objection was made to the introduction of the results in evidence. At the end of all the evidence defendant moved for a "Directed verdict of not guilty based on further grounds that even though the State has offered testimony the defendant was given some warnings of his rights, there has been no testimony that the defendant understood his rights or effectively waived any of said rights." It is this motion upon which defendant now basis his argument that defendant was not properly given his rights. It seems obvious to us that the rights read in open court were full and complete. However, the record before us indicates a discrepancy. G.S. 20-16.2(a) provides that the officer shall advise the defendant, verbally and in writing, of certain rights. Number 3 is as follows: "That he may have a physician, qualified technician, chemist, registered nurse or other qualified person of his own choosing *administer a chemical test or tests in addition to any administered* at the direction of the law enforcement officer." The words italicizied are the words omitted in the record before us.

We are aware, of course, of the holdings in *State v. Shadding,* 17 N.C. App. 279, 194 S.E. 2d 55 (1973), cert. denied 283 N.C. 108 (1973), and *State v. Fuller,* 24 N.C. App. 38, 209

State v. Green

S.E. 2d 805 (1974). In *Shadding*, defendant was not advised of his right to have a test of his own choosing administered and in *Fuller* the defendant was not advised of his right to have counsel or a witness present to view the taking of the test. In both cases, we ordered a new trial. In this case the officer gave defendant the statutory rights. The third one, however, was somewhat garbled. Nevertheless, the defendant was made aware that he had the right to have a physician, registered nurse, or a qualified technician or a qualified person of his own choosing present, albeit the right as stated in the record indicated that the person called would be called to administer *the* test. Nevertheless, it seems obvious that had defendant availed himself of the right given, even as given, the officer would have gotten the person requested and would have undoubtedly known that the purpose was to have an additional test administered. This, under the statute would be the only purpose of getting a person within the listed categories. We cannot see how the defendant could have possibly been prejudiced, nor do we consider this holdng in conflict with *Shadding* or *Fuller*, limited as it is to the unique situation of this case.

Finally, defendant argues that his motions after verdict should have been allowed. In support of this contention he reiterates his arguments with respect to the admission into evidence of the results of the breathalyzer test and further argues that there was nothing abnormal about the manner in which the truck was being operated by defendant at the time of his arrest. Defendant cites no authority for this proposition, and under the facts of this case, we deem it unnecessary to discuss this contention. There was more than ample evidence of defendant's condition, known to the arresting offcer, just minutes before defendant was observed driving the truck.

No error.

Judges HEDRICK and ARNOLD concur.