STATE OF NORTH CAROLINA v. LOUIS WAYNE JORDAN

No. 776SC903

(Filed 21 March 1978)

**Automobiles § 126.3— breathalyzer test—administering officer not arresting officer**

    An officer who arrested defendant at 3:00 a.m. for driving under the influence was not disqualified by G.S. 20-139.1(b) from giving defendant a breathalyzer test at 5:00 a.m. after he was arrested by another officer for a second offense of driving under the influence.

APPEAL by defendant from *Smith (Donald L.), Judge.* Judgment entered 13 July 1977 in Superior Court, HERTFORD County. Heard in the Court of Appeals 2 March 1978.

Defendant was tried for operating a motor vehicle on a highway while under the influence of intoxicating liquor. The State offered evidence that Officer Martin stopped defendant at approximately 4:00 a.m. on 11 July 1976 after noticing that he drove his vehicle on and off the shoulder of the road. The officer smelled alcohol on defendant's breath and placed him under ar-

rest. Upon arriving at the Ahoskie Police Department, defendant was asked to submit to a breathalyzer test. The test was administered at 5:08 a.m. by Trooper H. S. Banks. Banks is a qualified breathalyzer operator and found that defendant's reading was .16 percent alcohol by weight. Both officers testified that in their opinion defendant was under the influence of alcohol.

Defendant was found guilty as charged, and judgment imposing a fine and prison sentence was entered.

*Attorney General Edmisten, by Assistant Attorney General William B. Ray and Deputy Attorney General William W. Melvin, for the State.*

*Ralph G. Willey III and Carter W. Jones, for defendant appellant.*

VAUGHN, Judge.

Defendant contends that the court committed reversible error when it allowed Trooper Banks to testify concerning the results of the breathalyzer test he administered to defendant. This contention is based on G.S. 20-139.1(b) which provides that "in no case shall the arresting officer or officers administer" the chemical test for alcohol. "The purpose of this limitation in the statute is to assure that the test will be fairly and impartially made." *State v. Stauffer,* 266 N.C. 358, 359, 145 S.E. 2d 917, 918 (1966). Defendant, in essence, argues that Trooper Banks should be considered as the arresting officer and his testimony excluded in order to serve the purposes of the statute. His argument is based on Banks' opportunity to have a preconceived notion that defendant's test should disclose a high alcoholic content.

Trooper Banks had arrested defendant for driving under the influence at about 3:00 a.m. on the same morning, following an accident in which defendant was involved. After taking a breathalyzer test, defendant was released on bond and left the police station with his attorney. Approximately 20 minutes after his release, defendant was arrested by Officer Martin on the charge that gives rise to the present appeal. Trooper Banks was still at the police station and administered the breathalyzer analysis. In *State v. Stauffer, supra,* the Court held that the officer who stopped defendant's car for the purpose of investigating his erratic driving was an arresting officer, even though his cap-

tain, who had been summoned to assist, actually made the investigation and the arrest. In *State v. Dail*, 25 N.C. App. 552, 214 S.E. 2d 219 (1975), *cert. den.*, 288 N.C. 245, 217 S.E. 2d 669, this Court held that an officer on his way to the station to administer the breathalyzer test who stopped at the arrest scene to help move a car out of the highway was not an arresting officer under the terms of the statute. In *State v. Green*, 27 N.C. App. 491, 219 S.E. 2d 529 (1975), this Court held that an officer is not an arresting officer where he had seen the defendant earlier and remarked that he was drunk but was not present at the time that defendant was seen operating his vehicle or at the time he was arrested.

The principle that underlies the statute seems to be that, in the interest of fairness as well as the appearance of fairness, an officer, whose judgment in selecting a defendant for arrest or in making the arrest may be at issue at trial, should not administer the chemical test that will either confirm or refute the soundness of his earlier judgment in causing the arrest. In *State v. Stauffer*, *supra*, the officer who administered the test was the one who caused the arrest and was on the scene when it was made by another officer. He, therefore, had the same interest in the outcome of the test that he would have had if he had made the actual arrest. It was, therefore, improper to allow him to administer the test or to testify as to the result. In *Green* and *Dail*, however, the officers who administered the tests neither selected the defendants for arrest nor made the arrests. It was, therefore, proper for them to administer the tests even though their prior observations of the accused may have allowed them to have preconceived notions about what the tests would probably disclose. In the case at bar, Trooper Banks had nothing to do with defendant's arrest. His arrest of defendant on a similar charge earlier in the morning does not bring him within the disqualification set out in the statute. There was no error, therefore, in allowing him to testify as to the results of the test.

No error.

Chief Judge BROCK and Judge ERWIN concur.