STATE OF NORTH CAROLINA v. LEMANUEL DeVANE

No. 855SC1373

(Filed 17 June 1986)

1. **Criminal Law § 99.6— court's questioning of witness—colloquy with counsel— no expression of opinion by court**

    There was no merit to defendant's contention that, during defendant's cross-examination of the operator of a breathalyzer machine, the trial judge expressed a disparaging opinion about his case and the way it was being handled by questioning the witness and conversing with defense counsel as to the identity of the inventor of the breathalyzer machine.

2. **Automobiles § 129.3— driving while impaired—instructions on breathalyzer test evidence not required**

   In a prosecution of defendant for driving while impaired, the trial court was not required to instruct the jury that the breathalyzer result should not be considered by them unless they found first that the test was performed in accord with regulations promulgated by the Commission of Health Services.

APPEAL by defendant from *Winberry, Judge*. Judgment entered 25 July 1985 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 7 May 1986.

*Attorney General Thornburg, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Yow, Yow, Culbreth & Fox, by Stephen E. Culbreth and Ralph S. Pennington, for defendant appellant.*

PHILLIPS, Judge.

[1] In appealing his conviction of driving while impaired in violation of G.S. 20-138.1, defendant makes but two contentions, neither of which has merit. His first contention is that during his cross-examination of the operator of the breathalyzer machine, a model manufactured by Stevenson Corporation, the trial judge expressed a disparaging opinion about his case and the way it was being handled by questioning the witness and conversing with defense counsel as follows:

Q. THE COURT: Do you know where Mr. Stevenson went to school?

A. No sir.

DEFENSE COUNSEL: Who?

THE COURT: Mr. Stevenson.

DEFENSE COUNSEL: Who is Mr. Stevenson?

THE COURT: You said he said he was the inventor of the machine, didn't you?

DEFENSE COUNSEL: No sir.

THE COURT: Somebody just did.

DEFENSE COUNSEL: I don't recall that.

THE COURT: Yeah, somebody just said that.

DEFENSE COUNSEL: No sir, the inventor of the machine is a Mr. Borkanstein, Professor Robert F. Borkanstein, Department of Forensic Science Studies, Indiana University.

THE COURT: All right.

In our opinion nothing in this interchange cast defendant, his case or his lawyer in an unfavorable light before the jury; it was a harmless effort to identify the *inventor* of the machine used in testing defendant, a matter of no moment to either the case or the jury.

[2] His only other contention is that the court erred in refusing his request to instruct the jury that the breathalyzer result should not be considered by them unless they found first that the test was performed in accord with regulations promulgated by the Commission of Health Services. As was ruled in *State v. Jenkins*, 21 N.C. App. 541, 204 S.E. 2d 919 (1974), the court was not required to give the instruction.

No error.

Judges MARTIN and PARKER concur.