STATE OF NORTH CAROLINA v. SAMSON WARREN, JR.

No. 8610SC423

(Filed 3 February 1987)

Arrest and Bail § 7— driving while impaired—access to counsel and friends—denial of statutory right—absence of prejudice

Defendant was not prejudiced by the denial of his statutory right of access to counsel and friends after his arrest for driving while impaired.

APPEAL by the State from *Farmer, Judge.* Order entered 19 February 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 17 September 1986.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Crumpler & Scherer, by William B. Crumpler and Sally H. Scherer, for the defendant appellee.*

ORR, Judge.

Defendant, Samson Warren, Jr., was charged with driving while impaired in violation of N.C.G.S. § 20-138.1 and with illegally transporting liquor in the passenger area of his car under N.C.G.S. § 18B-401. The district court dismissed the driving while impaired charge against defendant and the superior court affirmed the dismissal on the grounds that defendant was denied his constitutional and statutory rights of access to counsel and friends after being arrested.

Defendant was stopped by a North Carolina State University Campus Policeman on 29 March 1984 at 10:11 p.m. He was taken to the Wake County Courthouse where a breath analysis was administered at 11:08 p.m. The results of this test showed that defendant had an alcohol concentration of 0.25. Defendant was brought before a magistrate who set secured bond at $500.00.

Dr. Donald C. Martin, head of the North Carolina State University Computer Science Department, and his son arrived at the magistrate's office between 11:00 p.m. and 11:30 p.m. while defendant was undergoing breath analysis. Dr. Martin had $300.00 and was willing to assume responsibility for defendant. However, the magistrate told Dr. Martin that defendant would have to be in jail until 6:00 a.m. to sober up. Upon learning this, Dr. Martin and his son left, returning at 8:00 a.m. to arrange for defendant's release.

For the reasons set forth in *State v. Knoll,* 84 N.C. App. 228, 352 S.E. 2d 463 (1987), we reverse and remand this case for trial. The superior court shall enter an order remanding this case to the district court for further proceedings in accordance with this opinion.

Reversed and remanded for trial.

Chief Judge HEDRICK and Judge ARNOLD concur.