STATE OF NORTH CAROLINA v. BENNIE GARLAND HICKS

No. 8610SC422

(Filed 3 February 1987)

**Arrest and Bail § 7— driving while impaired—denial of statutory right of access to counsel and friends—absence of prejudice**

> Defendant was not prejudiced by the denial of his statutory right of access to counsel and friends after his arrest for driving while impaired.

APPEAL by the State from *Farmer, Judge.* Order entered 19 February 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 17 September 1986.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Crumpler & Scherer, by William B. Crumpler and Sally H. Scherer, for the defendant appellee.*

ORR, Judge.

Defendant, Bennie Garland Hicks, was charged with driving while impaired, pursuant to N.C.G.S. § 20-138.1, and speeding. The district court dismissed the driving while impaired charge against defendant and the superior court affirmed the dismissal on the grounds that defendant was denied his constitutional and statutory rights of access to counsel and friends after being arrested.

Defendant was stopped for speeding in Knightdale, North Carolina, on 28 April 1984 at approximately 12:45 a.m. He was then taken to the Wake County Courthouse, where at 1:35 a.m. the arresting officer requested that defendant submit to chemical analysis. Defendant submitted to the analysis and had an alcohol concentration of 0.18. Defendant was then taken before a magistrate who set a $200.00 secured bond.

Defendant was allowed to call his wife in Wendell, but she was unable to come to the jail to pick him up.

Defendant told the magistrate that he had adequate funds to post bond and showed the required amount of money to the magistrate. The arresting officer told the magistrate of defendant's call to his wife. However, defendant was not allowed to post bond and was committed to jail at approximately 2:00 a.m. He remained in jail until 6:00 a.m. that morning.

For the reasons set forth in *State v. Knoll*, 84 N.C. App. 228, --- S.E. 2d --- (1987) (No. 8610SC424, filed 3 February 1987), we reverse and remand this case for trial. The superior court shall enter an order remanding this case to the district court for further proceedings in accordance with this opinion.

Reversed and remanded for trial.

Chief Judge HEDRICK and Judge ARNOLD concur.