STATE OF NORTH CAROLINA v. CHRISTINE E. WARD

No. 833SC747

(Filed 7 February 1984)

**Constitutional Law § 20.3; Social Security and Public Welfare § 2— selected prosecution for welfare fraud—insufficient evidence**

> Defendant failed to establish a prima facie case of selective enforcement or prosecution for welfare fraud where she failed to show (1) "that others similarly situated have not been proceeded against," and (2) that "the government's discrimination against [her] has been in bad faith." Equal Protection Clause of Fourteenth Amendment.

APPEAL by defendant from *Bruce, Judge.* Judgment entered 14 January 1983 in Superior Court, PITT County. Heard in the Court of Appeals 20 January 1984.

*Attorney General Edmisten by Assistant Attorney General Thomas B. Wood for the State.*

*Assistant Public Defender Robert E. Dillow, Jr., for defendant appellant.*

BRASWELL, Judge.

The defendant was indicted for welfare fraud. She sought to have this charge dismissed on the grounds that she had been denied her Sixth Amendment right to a speedy trial and that she and other black females similarly situated were selectively prosecuted for welfare fraud in violation of the Equal Protection Clause of the Fourteenth Amendment. Her motion to dismiss was denied, and she was subsequently convicted of felonious food stamp fraud. The defendant has appealed the denial of her motion to dismiss on the basis of selective prosecution.

Mr. Edward L. Garrison, Director of the Pitt County Department of Social Services (DSS) was called by the defendant to testify in the hearing on the defendant's motion to dismiss. A summary of his testimony in chart form follows:

State v. Ward

| YEAR | WELFARE FRAUD CASES PROSECUTED | RACE OF THOSE PROSECUTED |
|------|-----|-----|
| 1978 | 5 | all 5 — black females |
| 1979 | 5 | all 5 — black females |
| 1980 | 6 | 2 white females — 4 black females |
| 1981 | 9 | all 9 — black females |
| 1982 | 14 | 1 white female — 13 black females |

He also testified to the ratio of blacks to whites receiving food stamps for those years:

| YEAR | TOTAL NO. OF PEOPLE | BLACKS (%) | WHITES (%) |
|------|------|------|------|
| 1977 | 8,594 | 7,254 (84%) | 1,340 (16%) |
| 1978 | 8,149 | 6,954 (85%) | 1,195 (15%) |
| 1979 | 10,624 | 9,143 (86%) | 1,481 (14%) |
| 1980 | 13,533 | 11,429 (84%) | 2,140 (16%) |

(In 1981, the Department began reflecting the number of households receiving aid instead of the number of people.)

| YEAR | TOTAL NO. OF HOUSEHOLDS | BLACKS (%) | WHITES (%) |
|------|------|------|------|
| 1981 | 4,551 | 3,619 (80%) | 932 (20%) |
| 1982 | 4,209 | 3,429 (81%) | 780 (19%) |

Furthermore, Mr. Garrison testified that for the month of December in 1982 there were 1,596 families receiving Aid to Families With Dependent Children in Pitt County and of that number, 118 were white families (7%) and 1,477 were black families (93%).

Mary S. Leaphart, an investigator for the Pitt County DSS, was also called by the defendant and testified that the Department was notified of some possible wrongdoing by the defendant in April of 1982 through an anonymous telephone call. An investigation was begun and revealed that an adult male, Robert Earl Williams, who worked for Pepsi-Cola, might be living with the defendant; that the defendant had won some money in a Winn-Dixie contest; and that two of the defendant's daughters

were working at the Sonic Restaurant. A further investigation indicated that the defendant had only won eleven dollars in prize money from Winn-Dixie.

At the conclusion of this hearing, the trial court denied the defendant's motion to dismiss. Because the defendant had misrepresented to the Department of Social Services that Robert Earl Williams was living with her and the amount of his income, and by doing so had received food stamps to which she was not entitled, the jury concluded that she was guilty of felonious food stamp fraud.

The defendant has presented only one question for review: whether the trial court committed reversible error by denying the defendant's motion to dismiss on the basis of selective prosecution. The defendant contends that at the hearing on her motion she presented sufficient evidence to establish a prima facie case of selective prosecution. Once established, the burden of proof then shifted to the State to come forward with contrary evidence. *See State v. Brown,* 271 N.C. 250, 156 S.E. 2d 272 (1967). Because the State presented no evidence at the hearing, the defendant asserts that the trial court erred by denying her motion to dismiss. We disagree. A review of the defendant's evidence reveals that the defendant failed to make a prima facie showing.

As seen in the record, the defendant failed to take exception to any of the findings of fact in the trial court's order denying her motion. Therefore, the facts found are presumed correct and are binding on appeal. *State v. Tate,* 300 N.C. 180, 184, 265 S.E. 2d 223, 226 (1980). Our review is "limited to whether the findings of fact support the conclusions of law." *State v. Capps,* 61 N.C. App. 225, 229, 300 S.E. 2d 819, 821, *disc. rev. denied,* 308 N.C. 545, 304 S.E. 2d 239 (1983).

To establish a prima facie case of selective enforcement or prosecution for welfare fraud the defendant was required at least to show "that others similarly situated have not been proceeded against." *Creech v. Sparkman,* 523 F. Supp. 1157, 1161 (E.D.N.C. 1981). The trial court made findings of fact in accordance with the statistics related to the court by Mr. Garrison. As the trial court correctly concluded in his order denying the defendant's motion, "the defendant has shown no pattern of undertaking and abandon-

ing prosecutions of suspected violations involving white people by the Pitt County Department of Social Services." Without proof of this factor, the defendant cannot show that she, as a black female, was a victim of selective prosecution or enforcement.

Furthermore, the defendant must have shown that "the government's discrimination against [her] has been in bad faith." *Id.* Again, based on findings made from the defendant's statistical evidence, the trial court concluded that the defendant offered no evidence which tended to show "that this defendant or any female has been prosecuted simply on account of the fact that they were black or female." Her statistical information only showed that out of thirty-nine cases prosecuted between 1978 and 1982, thirty-six of the defendants were black (93%) and three were white (7%). This fact does not indicate that the State's prosecution was in bad faith, especially in light of the fact that the approximate number of people during this time receiving food stamp assistance were 83% black and 17% white. Because this conclusion of law as well as the others were supported by appropriate findings of fact, we hold that the motion to dismiss was properly denied.

Affirmed.

Judges WELLS and PHILLIPS concur.