STATE OF NORTH CAROLINA v. JOHN MARSHALL GILBERT

No. 8610SC1030

(Filed 5 May 1987)

**Arrest and Bail § 7; Automobiles and Other Vehicles § 125 — arrest for driving while impaired — failure to inform defendant of pretrial release rights — no prejudicial error**

> There was no prejudicial error in a prosecution for driving while impaired from the failure to inform defendant of his rights to pretrial release under either the general provisions of N.C.G.S. § 15A-511 or the more specific provisions of N.C.G.S. § 15A-534.2 where there was no irreparable prejudice to the preparation of defendant's case and no prejudice *per se* in that under N.C.G.S. § 20-138.1(a)(2) an alcohol concentration of .10 is sufficient on its face to convict defendant. Defendant was advised of his rights under N.C.G.S. § 20-16.2(a), and there is nothing in the record to show that defendant requested or was denied access to anyone.

APPEAL by the State from *Farmer, Judge*. Order entered 29 September 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 3 March 1987.

Defendant was arrested and charged, pursuant to G.S. 20-138.1(a), with driving while impaired. Defendant was advised of his rights under G.S. 20-16.2(a) and administered a breathalyzer test. The test showed defendant's alcohol concentration to be 0.20. Shortly after the test was administered, defendant's brother arrived with a bondsman to secure his release. Defendant was then brought before the magistrate where he saw, and apparently talked with, his brother. The magistrate did not set conditions for defendant's pretrial release even though defendant's brother and the bondsman specifically asked that he do so. In addition, the magistrate failed to advise defendant of his rights to pretrial release and, in effect, told defendant he would not release him for four hours. Defendant was held in jail, without bail, from approximately 5:00 p.m. until 9:45 p.m., when he was released on bond.

Although the record does not disclose the proceedings in district court, it appears undisputed that defendant made a motion to dismiss based on the magistrate's violation of his statutory and constitutional rights, that the motion was denied, that defendant was subsequently convicted of the offense, and that he appealed for trial *de novo* in Superior Court. In Superior Court, defendant again moved for dismissal of the charges. After a hear-

State v. Gilbert

ing, the court found that the magistrate's actions in failing to inform defendant of his rights for pretrial release and in refusing to set conditions for pretrial release were arbitrary, capricious, and violative of defendant's statutory and constitutional rights. The court concluded that the only effective remedy for those violations was to dismiss the charges. From the trial court's order granting defendant's motion to dismiss, the State appeals.

*Attorney General Thornburg, by Associate Attorney General Linda Anne Morris, for the State.*

*Ransdell, Ransdell & Cline, by William G. Ransdell, Jr., for the defendant-appellee.*

EAGLES, Judge.

The trial court made findings that several of defendant's statutory rights were violated by the magistrate. Those findings must be affirmed on appeal if there is evidence to support them. *See State v. Bright*, 301 N.C. 243, 271 S.E. 2d 368 (1980) (findings of fact supported by competent evidence are binding on appeal). While an examination of the record reveals ample evidence to support the finding that defendant's statutory rights were violated, on this record we see no basis for the court's conclusion that defendant's constitutional rights were violated. In addition, we hold that the statutory violations found do not justify dismissal of the charges against defendant. Accordingly, we reverse.

G.S. 15A-511 requires the magistrate, at the defendant's initial appearance, to inform the defendant, among other things, of the general circumstances under which he may secure pretrial release pursuant to Article 26 of Chapter 15A. G.S. 15A-534.2 provides additional procedures for the magistrate when a defendant has been charged with driving while impaired. G.S. 15A-534.2(b) requires that the magistrate determine pretrial conditions for a defendant's release pursuant to G.S. 15A-534 as well as inform the defendant of the provisions of G.S. 15A-534.2(c). G.S. 15A-534.2(c) states that a defendant has the right to pretrial release under G.S. 15A-534 when (1) he is no longer impaired, or (2) a sober, responsible adult is willing and able to assume responsibility for him until he is no longer impaired.

The uncontradicted evidence here was that defendant was not informed of his rights to pretrial release under either the general provisions of G.S. 15A-511 or the more specific provisions of G.S. 15A-534.2. Although defendant also claims violations of other rights granted him by statute, since we have already found statutory violations, we need not address the question of other possible errors made by the magistrate. Having found evidence to support the trial court's findings that defendant's statutory rights were violated, we nevertheless reverse its dismissal of the charges.

While charges pending against an accused may be dismissed for violations of his statutory rights, dismissal is a drastic remedy which should be granted sparingly. *See State v. Curmon*, 295 N.C. 453, 245 S.E. 2d 503 (1978). Before a motion to dismiss should be granted, this court has held that it must appear that the statutory violation caused irreparable prejudice to the preparation of defendant's case. *State v. Knoll*, 84 N.C. App. 228, 352 S.E. 2d 463 (1987). Here, the defendant has failed to show prejudice. Instead, defendant contends that, under *State v. Hill*, 277 N.C. 547, 178 S.E. 2d 462 (1971), the statutory violations here must be held prejudicial per se. Based on *Knoll, supra*, we disagree.

In *Hill*, the court held that where a defendant is denied his constitutional and statutory rights to communicate with counsel and friends immediately after his arrest for driving while impaired, the trial court must presume that defendant's preparation of his case was prejudiced and dismiss the charges against him. The court stated that a denial of access to others effectively deprives the defendant of his only opportunity to gather exculpatory evidence of his impairment. In such a case, to hold that the defendant was not prejudiced would be "to assume both the infallibility and credibility of the State's witnesses as well as the certitude of their tests." *Id.* at 555, 178 S.E. 2d at 467.

In *State v. Knoll, supra*, this court recently held that the per se rule of prejudice enunciated in *Hill* was inapplicable where a defendant charged with driving while impaired under G.S. 20-138.1(a)(2) was not informed of his statutory rights to pretrial release. Under G.S. 20-138.1(a)(2), a defendant may be convicted if his alcohol concentration, "at any relevant time after the driving," is 0.10 or more. G.S. 20-138.1(a)(2). When the *Hill* case was decid-

ed, the statute provided that a 0.10 alcohol concentration merely created an inference of intoxication. Therefore, under the modified statute, "denial of access is no longer inherently prejudicial to a defendant's ability to gather evidence in support of his innocence in every driving while impaired case" since an alcohol concentration of 0.10 is sufficient, on its face, to convict the defendant. *Id.* at 233, 352 S.E. 2d at 466.

We note that a different result will follow if the defendant is not advised of his rights under G.S. 20-16.2(a), including, under G.S. 20-16.2(a)(5), the right to have another alcohol concentration test performed by a qualified person of his own choosing. Where the defendant is not advised of those rights, the State's test is inadmissible in evidence. *State v. Knoll, supra; State v. Fuller*, 24 N.C. App. 38, 209 S.E. 2d 805 (1974); *State v. Shadding*, 17 N.C. App. 279, 194 S.E. 2d 55, *cert. denied*, 283 N.C. 108, 194 S.E. 2d 636 (1973). With the results of its chemical analysis test inadmissible, the State would then be unable to convict the defendant for driving with an alcohol concentration of 0.10. Instead, the State would be relegated to proving, as it was in *Hill*, that the defendant was otherwise under the influence of an impairing substance, pursuant to G.S. 20-138.1(a)(1). Here, however, the record shows that defendant was advised of his rights under G.S. 20-16.2(a). The fact that defendant did not avail himself of his right to a second, independent alcohol concentration test does not affect the admissibility of the State's test. *State v. Fuller, supra.*

Although the trial court found that defendant's constitutional rights were also violated, we see no basis for that finding. While the denial of access to friends, family, and counsel is a violation of the defendant's statutory and constitutional rights, *see, State v. Hill, supra*; G.S. 15A-501(5), there is nothing in the record to show that defendant requested, or was denied, access to anyone. In fact, defendant saw his brother shortly after he was administered the breathalyzer test. Moreover, constitutional violations of the kind complained of here must be shown to have caused irreparable prejudice to the defendant, *see, State v. Curmon, supra; State v. Joyner*, 295 N.C. 55, 243 S.E. 2d 367 (1978), and, as already noted, defendant has failed to show any prejudice.

Reversed.

Judges JOHNSON and ORR concur.