STATE OF NORTH CAROLINA v. ARTHUR FRANK ELIASON

No. 8922SC1354

(Filed 18 September 1990)

**Arrest and Bail § 147 (NCI4th) — DWI—pretrial release delayed — motion to dismiss denied**

    The trial court did not err in a prosecution for driving while impaired by denying defendant's pretrial motion to dismiss based upon an unwarranted and illegal incarceration where defendant was arrested for driving while impaired; transported to the breathalyzer room at the courthouse and informed of his rights; unsuccessfully attempted to call an attorney; tested .14 and .15 on the breathalyzer; was taken to the magistrate's office where the magistrate was informed of the breathalyzer results, a previous conviction in 1973 in South Carolina, and a bond forfeiture arising from that charge; the magistrate asked about defendant's residence and employment; defendant was told that his release would be conditioned on the posting of a $300 secured bond, although certain property would be ineligible to use to secure his release; defendant asked to phone his wife but was told that he would have to wait until he was taken up to jail; defendant's wife arrived shortly thereafter to attempt to post his bond but had brought a tax listing for ineligible property; and defendant's wife then secured the services of a bail bondsman and defendant was released after being incarcerated for nearly three hours. Although the magistrate did not inquire into all of the statutory considerations set out in N.C.G.S. § 15A-534(c), there was no substantial statutory violation which would warrant dismissal of the charges against defendant given all the other information which the magistrate had before her.

**Am Jur 2d, Bail and Recognizance § 29.**

APPEAL by defendant from judgment entered 30 August 1989 in DAVIDSON County Superior Court by *Judge Preston Cornelius.* Heard in the Court of Appeals 21 August 1990.

Defendant was arrested and charged with driving while impaired, a violation of N.C. Gen. Stat. § 20-138.1. He was transported to the breathalyzer room at the Davidson County Courthouse to be tested. He was informed of his rights regarding the test before

STATE v. ELIASON

[100 N.C. App. 313 (1990)]

it was administered, including his right to have a witness present. He attempted to call an attorney, but was unsuccessful. Two tests were then administered which showed blood alcohol concentrations of .14 and .15. The arresting officer then checked the defendant's driving record and discovered a previous conviction for driving while impaired in 1973 in South Carolina, and a bond forfeiture arising out of that charge.

Defendant was then taken to the magistrate's office. The magistrate was informed of the breathalyzer results, the previous conviction, and the bond forfeiture. The magistrate also asked about defendant's residence and employment. Defendant was then informed of the charges pending against him, his right to communicate with counsel and friends, and that his release would be conditioned on the posting of a $300.00 secured bond. The magistrate explained that certain property would be ineligible to use to secure his release. Defendant asked to be able to phone his wife, but was told by the magistrate that he would have to wait until he was taken up to the jail.

Defendant's wife arrived at the courthouse shortly thereafter to attempt to post his bond. She brought a tax listing with her, but it was for property that was ineligible to secure the bond. She then secured the services of a bail bondsman, and defendant was released. He was incarcerated for nearly three hours.

Defendant was convicted in district court and appealed to superior court. Defendant made a pretrial motion to dismiss the charges for violations of his constitutional and statutory rights resulting from what he claimed to be an unwarranted and illegal incarceration. This motion was denied 10 July 1989. Defendant was then convicted of driving while impaired on 29 August 1989. From judgment entered on the verdict, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Hal F. Askins, for the State.*

*Wilson, Biesecker, Tripp & Sink, by Joe E. Biesecker, for defendant-appellant.*

WELLS, Judge.

Defendant's sole argument on appeal is that the trial court erred in denying his pretrial motion to dismiss. In denying defendant's motion, the trial court made extensive findings of fact as

to defendant's arrest, confinement and release on secured bond; and concluded that defendant's motion should be denied.

We note initially that defendant has failed to properly except or assign error to any of the trial court's findings of fact. Therefore, these facts are presumed to be correct and are binding on appeal. *State v. Ward*, 66 N.C. App. 352, 311 S.E.2d 591 (1984). We limit our review to whether these facts support the trial court's conclusions. *Id.*

Defendant contends that the trial court erred in denying his motion to dismiss because the magistrate who determined the condition of his pretrial release failed to inquire into various considerations mandated by the North Carolina General Statutes and the local policy of the 22nd Judicial District before setting the $300.00 secured bond. We find no error.

In order to warrant dismissal of a charge under N.C. Gen. Stat. § 20-138.1(a)(2), a defendant must make a sufficient showing of a substantial statutory violation and of prejudice arising therefrom. *State v. Knoll*, 322 N.C. 535, 369 S.E.2d 558 (1988). *Knoll* involved three DWI cases (*State v. Knoll*, *State v. Warren*, and *State v. Hicks*) which had been consolidated for review. In *Knoll*, the magistrate set defendant's bond without inquiring into any of the conditions which affect the setting of a bond. Defendant had to wait in jail for an hour before he was allowed to call his father, and his father was told that he would not be allowed to post his bond for six hours. In *Warren*, the defendant was not informed of his right to communicate with counsel and friends. Two individuals attempted to post his bond but were told that defendant would have to remain in jail until 6:00 a.m. before he could be bailed out. In *Hicks*, the defendant was not informed of his right to communicate with counsel and friends. The magistrate set his bond without inquiring into any of the conditions affecting the setting of a bond, and refused to allow defendant to post his own bond despite the fact that he had the funds to do so. The Court held that each of the defendants had made a sufficient showing of a substantial statutory violation to warrant dismissal.

Defendant in this case has not made such a sufficient showing. He was properly informed of his rights to communicate with counsel and friends and that he could be released upon posting the bond. There was no "hold" placed on his release. Defendant's sole contention is that the magistrate acted improperly in setting a secured

bond without inquiring into various "crucial considerations" mandated by statute and local policy.

The relevant statute is N.C. Gen. Stat. § 15A-534(c) (1989):

In determining which conditions of release to impose, the judicial official must, on the basis of available information, take into account the nature and circumstances of the offense charged; the weight of the evidence against the defendant; the defendant's family ties, employment, financial resources, character, and mental condition; whether the defendant is intoxicated to such a degree that he would be endangered without supervision; the length of his residence in the community; his record of convictions; his history of flight to avoid prosecution or failure to appear at court proceedings; and any other evidence relevant to the issue of pretrial release.

The magistrate had information regarding the nature of the offense charged, the weight of the evidence, defendant's employment, his residence, level of intoxication, record of convictions, and the bond forfeiture which would at least indicate a failure to appear at court proceedings. She failed to inquire into defendant's character and mental condition, and proceeded without information regarding his financial resources, length of residence in the community and family ties, though defendant did inform her that he was married before he was taken from the magistrate's office to the jail.

We do not quarrel with defendant's contention that a magistrate must proceed in accordance with N.C. Gen. Stat. § 15A-534 in setting conditions for pretrial release. We do not, however, discern any substantial statutory violation which would warrant dismissal of the charges against the defendant based on a failure to inquire into every individual factor, given all the other information which the magistrate had before her in setting the bond. Defendant has also failed to show how inquiry into these considerations would have required the magistrate to proceed any differently in setting the conditions of pretrial release.

We also find no violation of any state or federal constitutional right warranting dismissal of the charge. A court on motion of the defendant must dismiss the charges against him if it determines that the criminal defendant's constitutional rights have been flagrantly violated and there has been such irreparable prejudice to the

defendant's preparation of his case that there is no remedy but to dismiss. N.C. Gen. Stat. § 15A-954(a)(4) (1973).

In *State v. Hill*, 277 N.C. 547, 178 S.E.2d 462 (1971), the Court held that those charged with driving while impaired have the same constitutional right of access to counsel and witnesses and to confront accusers as any other accused. The analysis focuses on whether *access* to counsel, family and friends was denied. *See State v. Gilbert*, 85 N.C. App. 594, 355 S.E.2d 261 (1987). In *Hill*, defendant's attorney posted his bond, but was not allowed to secure defendant's release or even to see him because of a policy of holding DWI defendants for four hours. In *State v. Ferguson*, 90 N.C. App. 513, 369 S.E.2d 378, *disc. rev. denied*, 323 N.C. 367, 373 S.E.2d 551 (1988), this Court held that if a witness arrived timely under the breathalyzer statute and was unable to gain access to the accused despite reasonable efforts to do so, it would constitute a flagrant violation of defendant's constitutional right to gather witnesses and would require dismissal of all charges.

Defendant's argument in this case focuses on the magistrate's failure to inquire into all of the statutory considerations before setting the conditions of his pretrial release. In *Gilbert*, the defendant was not informed that he had the right to be released. He was allowed to speak with his brother in the magistrate's office, but the magistrate refused to set conditions of release despite his brother's request that he do so. Defendant was held in jail without bail for over four hours. This court found no constitutional violation, holding:

> . . . there is no evidence that defendant requested, or was denied access to anyone. In fact, defendant saw his brother shortly after he was administered the breathalyzer test.

*Id.* at 597, 355 S.E.2d at 264.

There is no basis in this case to suggest that defendant was denied access to anyone. He was allowed to attempt to call an attorney, and was allowed to call his wife from the jail only minutes after he asked to do so in the magistrate's office. There is no evidence that he or his wife requested to see each other, or that his wife was denied access to him. Defendant was informed of the proper method for posting a property bond and what property was ineligible but neglected to tell his wife. The only condition placed on defendant's access to counsel and friends was that he

would not be released from jail before a $300.00 secured bond was posted. There was no violation of defendant's constitutional rights which would warrant dismissal of the charges against him.

No error.

Judges EAGLES and LEWIS concur.