STATE v. HAM

[105 N.C. App. 658 (1992)]

Statutory Rights

---

STATE OF NORTH CAROLINA v. GARY JAMES HAM, DEFENDANT

No. 9118SC499

(Filed 17 March 1992)

**Arrest and Bail § 135 (NCI4th) — arrest for DWI — right to communicate with counsel and friends — no denial**
        The right of access to counsel and friends of a defendant arrested for DWI at 1:35 a.m. was not substantially impaired

**STATE v. HAM**

[105 N.C. App. 658 (1992)]

during the crucial period after he was taken before a magistrate at 4:00 a.m. where the conditions for defendant's release set by the magistrate provided that he would be held under a $300 secured bond which would be reduced to $100 if a sober responsible adult agreed to assume custody of him, and that he could be released at 9:00 a.m. solely upon posting a $100 bond; defendant telephoned a friend and left a message that $300 was needed to get him out of jail and that if the friend waited until 9:00 a.m. the bond would be reduced to $100; although defendant had a copy of the release order, he failed to mention that the bond would be reduced to $100 should a responsible adult assume custody; when the friend called the jail he was told that the bond was $300 but would be reduced to $100 at 9:00 a.m.; since the friend had only $100, he did not attempt to secure defendant's release until 10:00 a.m.; the record is silent as to the time the friend received defendant's message and subsequently telephoned the jail; and any confusion concerning the conditions for defendant's release thus originated with defendant. Furthermore, defendant's right of access to counsel and friends was not violated by the jailer's refusal to release defendant at 9:00 a.m. when defendant informed him that he was subject to release at that time by posting a $100 cash bond and that he had $100 on his person because his confinement between 9:00 a.m. and his release at 10:00 a.m. was not during a crucial period in that more than seven hours had passed since his arrest and there was little likelihood that any testimony concerning defendant's condition during this time would be relevant. N.C.G.S. § 20-138(a)(2).

**Am Jur 2d, Automobiles and Highway Traffic § 308; Bail and Recognizance §§ 4, 29; Criminal Law §§ 970, 971.**

APPEAL by State from order entered 20 November 1990 by. *Judge W. Steven Allen, Jr.* in GUILFORD County Superior Court. Heard in the Court of Appeals 17 February 1992.

Defendant is a Michigan resident who was attending the furniture market in North Carolina with Michael L. Alpers and others. At approximately 1:35 a.m. on Saturday, 21 October 1989, he was charged with a violation of G.S. 20-138.1(a)(2), driving while impaired (DWI), in Greensboro. He was taken to the Guilford County Law Enforcement Center where a chemical analysis of his breath

showed an alcohol concentration of 0.22. During his processing defendant did not ask to make any telephone calls.

Defendant was taken before Magistrate Michael S. James just prior to 4:00 a.m. Based upon the evidence of defendant's poor driving, the results of his breathalyzer exam, and the fact he was from out of State, the magistrate determined it was necessary to place him under a secured bond as an incentive to insure his attendance in court. The conditions for defendant's release provided he would be held under a $300 secured bond, which would be reduced to $100 if a sober responsible adult with a valid driver's license appeared at the jail willing to assume custody of him. At 9:00 a.m., however, he could be released solely upon posting a $100 bond.

After the conditions for pretrial release were set defendant was allowed to use the telephone to call anyone he chose. He phoned Mr. Alpers and after first reaching the answering machine, called back a short time later and left a message. The message stated that he was being held for DWI and that his bond would be $300 until 9:00, when it would be reduced to $100. Although he had a copy of the release order he did not mention anything to Mr. Alpers about being released into his custody but did ask if Mr. Alpers would come down to the jail. After making these calls defendant was taken to the Guilford County Jail and was admitted at 3:58 a.m.

Mr. Alpers stated he did not remember what time it was when he was awakened and found defendant's message but did remember defendant asking him to come to the magistrate's office and that defendant was in custody on a DWI charge and could be released for $300 which would be reduced to $100 after 9:00 a.m. Mr. Alpers stated he called the magistrate's office and was told the same thing as defendant's message. Since he did not have $300 with him he did not go to the magistrate's office to post bond until the following morning.

Shortly after 9:00 a.m. defendant informed the jailer that he was subject to release at that time by posting a $100 cash bond and that he had $100 on his person. The jailer subsequently checked and informed defendant he could only be released upon a $300 bond or into the custody of a sober adult with the posting of $100. He was released at approximately 10:00 a.m. after Mr. Alpers and another adult arrived with $100.

STATE v. HAM

[105 N.C. App. 658 (1992)]

Defendant pled guilty in District Court and received Level 5 punishment. He appealed to Superior Court and filed a motion to dismiss alleging his rights were violated, as he was denied access to witnesses who could assist him in his defense to the DWI charge. On 26 October 1990 defendant's motion to dismiss was granted, from which the State appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*No brief filed for defendant appellee.*

WALKER, Judge.

In order to sustain a dismissal of a charge under G.S. 20-138.1(a)(2) North Carolina law requires a defendant to show a substantial statutory violation and prejudice arising therefrom. *State v. Eliason*, 100 N.C.App. 313, 395 S.E.2d 702 (1990). In ascertaining whether there was a substantial violation of defendant's right of access to counsel and friends three statutes are applicable: G.S. 15A-511(b), G.S. 15A-533(b) and G.S. 15A-534(c). The magistrate is required to inform the defendant of the charges against him, his right to communicate with counsel and friends, and to establish the conditions under which he can post bond and be released.

In this case the procedures followed by the magistrate are not at issue, but rather defendant contends the confusion and misunderstanding as to the terms of release denied him access to friends and witnesses and the opportunity to gather evidence. He argues he was therefore prejudiced since there was a responsible adult who could have posted bond and secured his release. The State contends that the trial court committed error in determining defendant's right of access to witnesses and friends had been denied and that lack of access was the result of the actions of the defendant or inadvertence on the part of others. Further, the State argues it is not required to insure the defendant obtains access to friends and witnesses so that he has failed to show any violation of law or prejudice.

Since this case arises under G.S. 20-138.1(a)(2), a violation of defendant's statutory rights is not *per se* prejudicial. *State v. Knoll*, 322 N.C. 535, 545, 369 S.E.2d 558, 564 (1988)

[U]nder the current 0.10 statute, a defendant's only opportunity to obtain evidence is not lost automatically when he is de-

tained, and improperly denied access to friends and family. Prejudice may or may not occur since a chemical analysis result of 0.10 or more is sufficient, on its face, to convict.

*Id.* In *State v. Dietz*, 289 N.C. 488, 493, 223 S.E.2d 357, 360 (1976), the Court stated that to establish such prejudice and thereby be entitled to relief:

[D]efendant must show that lost evidence or testimony would have been helpful to his defense, that the evidence would have been significant, and that the evidence or testimony was lost.

A defendant is no less prejudiced, though, simply because his statutory rights were violated through inadvertence. *State v. Knoll* at 548, 369 S.E.2d at 565.

Here, the trial court made the following findings:

18. That the failure to release Mr. Ham on the posting of $100 bond by a sober adult into his custody prior to 10:00 was through inadvertance [sic];

19. That the failure to release was not a denial by the magistrate of the setting of conditions of pretrial release, but resulted in confusion arising from the various terms and conditions of release set forth in the release order;

20. That the defendant was denied the constitutional right of access to witnesses and friends consistent with the Court's opinion in *State v. Knoll*, and for these reasons, the Court is going to allow the motion to dismiss the charge.

The court concluded as a matter of law that the confusion and miscommunication resulting in defendant's continued confinement prejudiced him. The record contains no findings by the court that defendant made a sufficient showing of impairment of substantial rights, however, but merely a summary conclusion that he was denied the constitutional right of access to witnesses and friends. This conclusion is not adequately supported by the facts and a finding of prejudice sufficient to warrant dismissal of the charges against defendant.

In *Knoll* the trial court found that each of the defendants was confined at a time crucial to his ability to gather evidence and to have witnesses to his condition following arrest. Each defendant was also able to show lost opportunities during the iden-

STATE v. HAM

[105 N.C. App. 658 (1992)]

tifiable crucial period. In this case the trial court failed to make findings that defendant was denied access to witnesses and friends at a crucial period during which exculpatory evidence could have been gathered. Further, defendant has not shown himself to have been prejudiced and entitled to relief under *Dietz* by establishing that lost evidence or testimony would have been helpful to his defense, that the evidence would have been significant, and that the evidence or testimony was lost. We cannot conclude, therefore, that the trial court's Finding of Fact No. 20 was adequately supported by sufficient, competent evidence.

The facts of this case indicate defendant was charged at 1:35 a.m. and, although the trial court did not expressly so find, we must conclude defendant was advised of his rights under G.S. 20-16.2 prior to administration of the breathalyzer test. This statute requires the attending chemical analyst to inform defendant both orally and in writing that:

> (6) He has the right to call an attorney and select a witness to view for him the testing procedures, but the testing may not be delayed for these purposes longer than 30 minutes from the time he is notified of his rights.

Though we are not prepared to promulgate a bright line test for determining the crucial period during which valuable evidence may be lost to a defendant charged under G.S. 20-138.1(a)(2), the time interval including defendant's processing and breathalyzer exam would certainly fall within the crucial period.

The trial court found that defendant called Alpers and left a message stating that $300 was needed to get him out of jail but that if Alpers waited until 9:00 a.m. the bond would be reduced to $100. When Alpers called the Guilford County Jail he was again told the bond was $300 but reduced to $100 at 9:00 a.m. However, since he only had $100 he did not attempt to secure defendant's release at that time. During this time any confusion concerning the conditions for defendant's release originated with the defendant, who had a copy of the release order but failed to clearly convey that the bond would be reduced to $100 should a responsible adult assume custody. Further, the record is silent as to the time Alpers received defendant's message and subsequently telephoned the jail. All of these factors establish defendant has not shown himself to have been prejudiced during this crucial period.

Although defendant was entitled to be released at 9:00 a.m. since he had the $100 necessary to post bond, we cannot say that his confinement until shortly after 10:00 a.m., when Alpers arrived, came within a crucial period. Our Supreme Court has noted:

> When one is taken into police custody for an offense of which intoxication is an essential element, time is of the essence. Intoxication does not last. . . . Thus, if one accused of driving while intoxicated is to have witnesses for his defense, he must have access to his counsel, friends, relatives, or some disinterested person within a relatively short time after his arrest.

*State v. Hill*, 277 N.C. 547, 553, 178 S.E.2d 462, 466 (1971). Since more than seven hours had passed since defendant was initially taken into custody, there was little likelihood by this time that any testimony by Alpers concerning defendant's condition after arrest would be relevant. We also do not believe defendant's sobriety was likely affected during this one hour period.

Insofar as we find defendant has failed to adequately prove he was prejudiced by any statutory violations he is not entitled to relief. Defendant's burden of establishing prejudice, by showing valuable evidence was lost due to a failure to timely release him, is not alleviated simply because he is an out of state resident.

Reversed.

Chief Judge HEDRICK and Judge ORR concur.