STATE OF NORTH CAROLINA v. JOHN KEITH HAAS, JR., DEFENDANT

No. COA97-1492

(Filed 6 October 1998)

1. **Bail and Pretrial Release— right to communicate with counsel and friends—defendant sufficiently informed—no prejudice**

The statutory and constitutional rights of an impaired driving defendant were not impaired where defendant contended that the magistrate failed to inform him of his right to communicate with counsel and friends but there was considerable evidence supporting the superior court's implicit finding that he was properly

apprized of his right to communicate with counsel and friends and, regardless of whether defendant was technically informed of this "right," he was informed of his unlimited access to the telephone and visitors and utilized these communications tools.

**2. Bail and Pretrial Release— statutory factors—incomplete inquiry by magistrate—no prejudice**

A driving while impaired defendant did not suffer prejudice from any failure by a magistrate to consider the requisite factors set forth in N.C.G.S. § 15A-534(c) in determining pretrial release conditions. Bond was set at $500; assuming that all of the conditions were inquired into and every factor found in defendant's favor, such findings do not mandate any departure from the $500 bond. The magistrate was justified in setting that bond simply because defendant did not reside in the county.

**3. Bail and Pretrial Release— impaired driver—requested release to friend—not sober, responsible adult**

The trial court did not err by upholding a magistrate's alleged denial of an impaired driving defendant's alleged request for release into his friend's custody where it is unclear whether defendant actually requested pretrial release and there is substantial record evidence demonstrating that the friend did not meet N.C.G.S. § 15A-534.2(c)'s definition of a sober, responsible adult.

Appeal by defendant John Keith Haas, Jr. from judgment entered 25 August 1997 by Judge Dennis J. Winner in Watauga County Superior Court. Heard in the Court of Appeals 22 September 1998.

*Michael F. Easley, Attorney General, by Assistant Attorney General Gregory Horne, for the State.*

*Wilson, Palmer & Lackey, P.A., by William C. Palmer, for defendant-appellant.*

WYNN, Judge.

On 25 July 1995, defendant John Haas was arrested for impaired driving and was brought before Watauga County Magistrate Walter Greene. Magistrate Greene informed Haas of the pending charges, and proceeded to ask Haas questions to determine Haas' pretrial release conditions. Magistrate Green inquired as to where Haas lived,

how long he lived there, his employment, and where his family resided. Magistrate Greene, however, failed to inquire into Haas's character, mental condition, and prior criminal history including failures to appear. After considering Haas' responses, Magistrate Greene conditioned Haas' pretrial release upon his obtaining a $500 secured bond. Thereafter, Magistrate Greene informed Haas a telephone was at his disposal to contact friends, family, bondsmen or an attorney to secure his pretrial release. Moreover, Magistrate Greene informed Haas of the three ways he could post bond.

Subsequent to the initial hearing, Haas was taken to Wataugua County Jail and placed in a holding cell. While in jail, Haas was permitted to make an unlimited number of phone calls, and did in fact call his parents to help him post bond. Additionally, Haas had unlimited access to visitors, and was visited by his friend Mr. Allen Chappell; the man with whom Haas was driving when he was arrested.

On 20 September 1995, Haas was found guilty of impaired driving in Wataugua County District Court. Upon his conviction, Haas filed an appeal to the Superior Court. Additionally, Haas filed a Motion to Dismiss alleging denial of his rights to confrontation and counsel. On August 25, the case was called for trial and Judge Winner heard and denied Haas' motion. The matter proceeded to a jury trial where Haas was found guilty. Haas thereafter filed this appeal.

I.

[1] On appeal, Haas argues that his statutory and constitutional rights to communicate with, and have access to, counsel and friends were violated. Specifically, Haas argues he suffered prejudice by Magistrate Green's: (1) failure to inform him of his right to communicate with counsel and friends; (2) failure to consider the requisite factors when determining his pretrial release conditions; and (3) denial of his request for pretrial release to a sober, responsible adult.

According to N.C. Gen. Stat. § 15A-511(b) (1996), a magistrate must inform a defendant of his right to communicate with counsel and friends. Haas argues that Judge Winner failed to find facts necessary to support his ruling that Haas was in fact informed of these rights. Before addressing this matter, we note the trial court's findings of fact are presumed to be correct and are binding on appeal. *State v. Eliason*, 100 N.C. App. 313, 315, 395 S.E.2d 702, 703 (1990). Moreover, dismissal of a charge is a drastic remedy and will only be granted if

the defendant makes a sufficient showing of a substantial statutory violation and of prejudice arising therefrom. *Id.; State v. Gilbert,* 85 N.C. App. 594, 595, 355 S.E.2d 261, 263 (1987). Thus, before a motion to dismiss will be granted, it must appear that the statutory or constitutional violation caused irreparable prejudice to the preparation of defendant's case. *State v. Knoll,* 322 N.C. 535, 545-46, 369 S.E.2d 558, 564-65 (1988).

In the case *sub judice,* there is considerable evidence supporting Judge Winner's finding that Haas was properly apprized of his right to communicate with counsel and friends. First, Magistrate Greene testified that he informed Haas that "a telephone would be made available to him and he could contact friends, family, bondsmen, attorney, anyone he would like to call to try and help him with his pretrial release." Indeed, Haas himself not only testified that he was informed by both Magistrate Greene and the jailer that he had unlimited access to a telephone, but also signed a form certifying he was given the opportunity to contact certain individuals.

Second, the jailer testified Haas was never denied access to friends or family. Haas, in fact, called his father collect and tried to place another phone call. Additionally, Haas was visited in jail by his friend Allen Chappell.

The aforementioned evidence clearly supports Judge Winner's finding that Haas was apprized of his right to communicate with counsel and friends. Haas nonetheless argues that even if there is ample evidence on the record to support this finding, Judge Winner failed to find as fact that he was properly apprized. Judge Winner, however, specifically stated in his findings that "the court did not find error in the magistrate's procedure." This finding implicitly holds that Magistrate Greene followed N.C. Gen. Stat. § 15A-511(b)'s mandate that a magistrate inform Haas of his right to communicate with counsel and friends.

Lastly, assuming *arguendo* that Magistrate Greene failed to properly apprize Haas of his right to communicate with counsel or friends, Haas' appeal with respect to this issue still fails for lack of prejudice. As previously stated, a motion to dismiss will only be granted when the statutory or constitutional violation caused irreparable prejudice to the development of Haas' case. *Gilbert,* 85 N.C. App. at 596, 355 S.E.2d at 263. In the case *sub judice,* regardless of whether Haas was technically informed of his "right," Haas nonetheless was informed of

his unlimited access to the telephone and visitors. Moreover, Haas utilized these communication tools, and thus cannot rightfully contend that he was prejudiced by Magistrate Greene's alleged failure to communicate this right. Therefore, we find Haas' claim in this respect without merit.

[2] Haas also argues as error Magistrate Green's alleged failure to consider the requisite factors when determining the conditions of his pretrial release. Under N.C. Gen. Stat. § 15A-534(c), in determining which conditions of release to impose, a judicial officer must:

> [o]n the basis of available information, take into account the nature of the circumstances of the offense charged; the weight of the evidence against the defendant; the defendant's family ties, employment, financial resources, character and mental condition; whether the defendant is intoxicated to such a degree that he would be endangered without supervision; the length of his residence in the community; his record of convictions; his history of flight to avoid prosecution or failure to appear at court proceedings; and any other evidence relevant to the issue of pretrial release.

Haas contends that because Magistrate Greene failed to consider his character, mental condition and prior history, Magistrate Greene thereby failed to proceed in accordance with N.C. Gen. Stat. § 15A-534(c). We disagree.

In *State v. Eliason, supra,* the defendant was arrested for driving while impaired and assigned as error the magistrate's decision to set bond at $300 without considering his character, mental condition, financial resources, length of residence in the community or family ties. The court, in rejecting defendant's argument, stated that it could not "discern any substantial statutory violation which would warrant dismissal of the charges against the defendant *based on a failure to inquire into every individual factor." Id.* at 316, 395 S.E.2d at 704 (emphasis added). Moreover, the Court emphasized the defendant's failure to prove how further inquiry would have required the magistrate to proceed differently. *Id.* Accordingly, the Court found that any statutory or constitutional violation alleged would not warrant dismissal of the charges against him.

In the case *sub judice,* Magistrate Greene set bond at $500 based partly upon Haas' residence outside the county. Assuming Magistrate Greene inquired into every factor set forth in N.C. Gen.

Stat. § 15A-534(c) and found them all in Haas' favor, such findings do not mandate any departure from the $500 bond. Indeed, Magistrate Green was justified in setting bond at that level simply because Haas did not reside in the county. Therefore, Haas cannot demonstrate he was prejudiced from Magistrate Greene's failure to inquire into every individual factor set forth in the statute. Thus, we affirm the trial court's ruling on this matter.

[3] Lastly, we address Haas' argument that the trial court erred by upholding Magistrate Greene's denial of his alleged request for pretrial release into his friend Allen Chappell's custody. Specifically, Haas argues that Magistrate Green was required to release him into the hands of a sober, responsible adult, and Magistrate Greene's failure to do so constituted reversible error by denying him access to evidence during a crucial evidence gathering period.

Under N.C. Gen. Stat. § 15A-534.2(c), an impaired driver "has the right to pretrial release under N.C. Gen. Stat. § 15A-534 when the judicial officer determines that . . . (2) a sober, responsible adult is willing and able to assume responsibility for the defendant." Haas contends that Magistrate Greene violated his right to pretrial release by denying his request for release into Allen Chappell's custody.

Initially, we note that it is unclear whether Haas actually requested pretrial release. Although Haas testified that he requested pretrial release, Magistrate Greene could only state that he "[did] not recall him asking me that." Judge Winner, however, stated in his findings of fact that Haas "never requested that he be allowed to go without bond with Chappell."

Assuming *arguendo* that Haas did request pretrial release, we must still determine whether Magistrate Greene's alleged denial constituted reversible error. As stated, under N.C. Gen. Stat. § 15A-534.2(c) an impaired driver has the right to pretrial release only when the judicial officer determines that a sober, responsible adult is willing and able to assume responsibility for the impaired individual. Although Judge Winner explicitly refused to determine whether Allen Chappell was sober, we find substantial evidence in the Record on Appeal demonstrating that Allen Chappell was not a sober, responsible adult as articulated in the statute.

Officer Randy Rasnake, for example, had the longest and most direct contact with Allen Chappell, and he informed both Magistrate Greene and Judge Winner that at approximately 1:16 a.m. "Mr. Patrick

Allen Chappell was *extremely intoxicated by alcohol.*" (emphasis added). Defendant attempted to refute this statement through the testimony of both himself and the jailer. The jailer, however, merely stated that it is "normal procedure" to allow only sober visitors. The jailer never stated Allen Chappell was sober when he visited defendant. Moreover, Allen Chappell visited defendant at 2:39 a.m., a mere hour and twenty minutes after Officer Rasnake's unequivocal observation that Allen Chappell was extremely intoxicated. Common sense dictates that Allen Chappell could not have adequately sobered into a responsible adult in that short interval of time. Additionally, as for defendant's own testimony that Allen Chappell was "stone cold sober," a trial court may find that self-serving statements such as this one lack credibility, and therefore are incompetent. *State v. Jones*, 339 N.C. 114, 160, 451 S.E.2d 826, 855 (1994), *reconsideration denied*, 339 N.C. 618, 453 S.E.2d 188 (1995), *cert. denied, Jones v. North Carolina*, 515 U.S. 1169, 115 S.Ct. 2634, 132 L. Ed. 2d 873, *reh'g denied*, 515 U.S. 1183, 116 S.Ct. 32, 132 L. Ed. 2d 913 (1995) (holding trial court did not err by failing to consider defendant's self-serving statements).

In conclusion, given the fact that the Record on Appeal contains ample evidence demonstrating Allen Chappell's failure to meet N.C. Gen. Stat. § 15A-534.2(c)(2)'s definition of a sober, responsible adult, we hold regardless of whether the defendant requested pretrial release into Allen Chappell's custody, Magistrate Greene had no duty to grant defendant's request. Therefore, defendant's contention he was unlawfully denied pretrial release into the custody of a sober, responsible adult is without merit.

Affirmed.

Judges GREENE and WALKER concur.

This opinion was authored and delivered to the Clerk of the North Carolina Court of Appeals by Judge Wynn prior to 1 October 1998.