An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-745

NORTH CAROLINA COURT OF APPEALS

Filed: 4 February 2014

STATE OF NORTH CAROLINA

v.

VELI LIMANI

Mecklenburg County
No. 09 CRS 218285

Appeal by defendant from order entered 10 October 2012 by Judge Eric L. Levinson in Mecklenburg County Superior Court and from judgment  entered 10 December 2012 by Judge Christopher W. Bragg.  Heard in the Court of Appeals 10 December 2013.

> *Attorney General Roy Cooper, by Assistant Attorney General Oliver G. Wheeler, IV, for the State.*

> *Don Willey for defendant.*

ELMORE, Judge.

Veli Limani (defendant) appeals from the trial court's order denying his pretrial motion to dismiss a charge of driving while impaired (DWI).  On appeal, defendant argues that pursuant to *State v. Knoll*, 322 N.C. 535, 369 S.E.2d 558 (1988), he was irreparably prejudiced in the preparation of his defense by the denial of his statutory right to timely pretrial release.

Because defendant failed to show any violation of a statutory right, we find no error.

## I.    <u>Factual Background</u>

On 15 April 2009, defendant was operating a motor vehicle when he was stopped by Officer Eric Jonasse of the Charlotte Mecklenburg Police Department and then arrested and charged with DWI in violation of N.C. Gen. Stat. § 20-138.1. Officer Jonasse transported defendant to the Mecklenburg County Intake Center to administer an intoxilyzer test. Pursuant to N.C. Gen. Stat. § 20-16.2, Officer Jonasse advised defendant of his intoxilyzer rights, including his right to call an attorney and select a witness to view the testing procedure, provided the test could be performed within 30 minutes. Defendant waived his intoxilyzer rights. The results of the analysis showed defendant to have an alcohol concentration of 0.11.

After reviewing defendant's paperwork, which consisted of his criminal record, Officer Jonasse's affidavit, and the intoxilyzer test result, magistrate Ilona Kevorkian (magistrate Kevorkian) completed defendant's Conditions of Release form at approximately 4:40 a.m. She imposed a $1,000 secured bond for the charge of DWI and a $200 secured bond for the offense of operating a vehicle without a license. At 4:50 a.m. magistrate

Kevorkian conducted a hearing with defendant to explain the pretrial release conditions. Thereafter, defendant met with Immigration and Customs Enforcement (ICE) from 5:25 a.m. to 5:45 a.m. and participated in a pretrial interview from 5:46 a.m. to 6:11 a.m. Defendant was released from jail at 10:40 a.m., after having spent 1-2 hours trying to reach a third party to post bond.

On 10 December 2012, defendant pled not guilty to DWI and was convicted following a jury trial. Judge Christopher W. Bragg sentenced defendant to a Level 5 DWI with a term of 60 days, suspended for 12 months. Defendant gave timely oral notice of appeal at sentencing.

## II. **Standard of Review**

"[T]here are three statutes that are applicable to the issue of whether there was a substantial violation of defendant's statutory right of access to counsel and friends." *State v. Knoll*, 322 N.C. 535, 546, 369 S.E.2d 558, 564 (1988). First, N.C. Gen. Stat. § 15A-511(b) obligates the magistrate to inform defendant of the charges against him, of his right to communicate with counsel and friends, and of the general circumstances under which he may secure his release. N.C. Gen.

Stat. § 15A-511(b) (2013). Additionally, the magistrate must impose one of the following pretrial release conditions:

> (1) Release the defendant on his written promise to appear.
>
> (2) Release the defendant upon his execution of an unsecured appearance bond in an amount specified by the judicial official.
>
> (3) Place the defendant in the custody of a designated person or organization agreeing to supervise him.
>
> (4) Require the execution of an appearance bond in a specified amount secured by a cash deposit of the full amount of the bond, by a mortgage pursuant to G.S. 58-74-5, or by at least one solvent surety.
>
> (5) House arrest with electronic monitoring.

N.C. Gen. Stat. § 15A-534(a) (2013).

In doing so, N.C. Gen. Stat. § 15A-534(c) provides that the magistrate shall consider

> the nature and circumstances of the offense charged; the weight of the evidence against the defendant; the defendant's family ties, employment, financial resources, character, and mental condition; whether the defendant is intoxicated to such a degree that he would be endangered by being released without supervision; the length of his residence in the community; his record of convictions; his history of flight to avoid prosecution or failure to appear at court proceedings; and any other evidence relevant to the issue of pretrial release.

N.C. Gen. Stat. § 15A-534(c) (2013).

When a defendant alleges that a substantial statutory violation has occurred due to the magistrate's failure to comply with a statutory pretrial release provision, he must also demonstrate "irreparable prejudice directly resulting from a lost opportunity to gather[] evidence in his behalf by having friends and family observe him and form opinions as to his condition following arrest . . . and to prepare a case in his own defense" before a DWI charge will be dismissed. *State v. Labinski*, 188 N.C. App. 120, 124-26, 654 S.E.2d 740, 744, *writ denied*, *review denied*, 362 N.C. 367, 661 S.E.2d 889 (2008) (quotation and citation omitted) (alteration in original). In cases arising under N.C. Gen. Stat. § 20-138.1(a)(2), "prejudice will not be assumed to accompany a violation of defendant's statutory rights, but rather, defendant must make a showing that he was prejudiced in order to gain relief." *Knoll*, 322 N.C. at 545, 369 S.E.2d at 564. Dismissal of a charge due to a statutory violation "is a drastic remedy which should be granted sparingly." *State v. Rasmussen*, 158 N.C. App. 544, 549, 582 S.E.2d 44, 50 (2003).

"When a defendant alleges he has been denied his right to communicate with counsel, family, and friends, the trial court must conduct a hearing on defendant's motion to dismiss and make findings and conclusions. On appeal, the standard of review is whether there is competent evidence to support the findings and the conclusions." *State v. Lewis*, 147 N.C. App. 274, 277, 555 S.E.2d 348, 351 (2001) (citation omitted). Unchallenged findings are presumed to be correct and are binding on appeal. *State v. Eliason*, 100 N.C. App. 313, 315, 395 S.E.2d 702, 703 (1990). As such, we limit our review to whether the unchallenged facts support the trial court's conclusions of law. *Id.*

### III. <u>Pretrial Motion to Dismiss</u>

Defendant argues that he suffered irreparable prejudice warranting the dismissal of his DWI charge when his release from jail was delayed due to magistrate Kevorkian's violation of N.C. Gen. Stat. § 15A-534(c), which denied him prompt communication with counsel, family, and friends. We disagree.

On appeal, defendant assigns error to the trial court's findings of fact 12, 13, and 14 but fails to argue that findings 12 and 13 are unsupported by competent evidence. Accordingly,

we presume that all findings of fact other than finding 14 are supported by competent evidence. Finding 14 provides:

> Magistrate E. Kevorkian, in her discretion, understood that she retained the authority and
> discretion to modify the conditions of release set forth on the printed release order for
> Defendant during and/or following her face-to-face interview of the Defendant. No modifications of the bond occurred in this matter, however, and the bond amount(s) set forth in the Conditions of Release form prior to the face-to-face interview with Defendant
> remained intact. Kevorkian has, on previous occasions, altered the conditions of release that may have been reflected on the Conditions of Release forms during/following the face-to-face interview of an accused.

Defendant also challenges conclusion of law 2, which provides:

> The magistrate did not violate §15A-534 Procedures for determining conditions of pretrial release, which requires conditions of release to be imposed, as there was no showing that the secured bond set was either arbitrary or involved magistrate misconduct.

Defendant specifically argues that magistrate Kevorkian violated N.C. Gen. Stat. § 15A-534(c) when she completed the Conditions of Release form "prior to considering all of the mandatory statutory factors and prior to meeting with the accused[.]" Relying on *State v. Knoll*, *supra*, defendant further

contends that the appropriate remedy for this statutory violation is to vacate the DWI conviction.

On appeal, defendant does not argue that magistrate Kevorkian neglected to interview him pursuant to N.C. Gen. Stat. § 15A-534(c); he merely takes issue with the timing of the questioning. During the pretrial hearing, magistrate Kevorkian testified that in 2009 it was common practice for her, and all magistrates in Mecklenburg County, to complete a defendant's Conditions of Release form *before* interviewing a defendant:

> [I]n DWI cases, we would process [the Conditions of Release form]. And then things would come after the interview with the defendant, like how long have you lived in the community and do you work. And if the defendant is able to [] satisfactorily answer these questions to determine that they're not a flight risk, then I would definitely consider that into a factor. And I can modify bond then.

Further, she testified to amending "[m]aybe five[] [or] [s]ix" of every 100 completed Conditions of Release forms *after* interviewing a defendant. As such, the record contains competent evidence to support finding of fact 14 – magistrate Kevorkian understood that she retained authority to modify a Conditions of Release form and had done so.

The record also supports the trial court's conclusion of law 2. First, there is no evidence in the record to suggest that magistrate Kevorkian engaged in misconduct or set arbitrary pretrial conditions of release. Second, N.C. Gen. Stat. § 15A-534 does not mandate that a magistrate conduct his or her pretrial interview of a defendant prior to setting the pretrial release conditions. Because magistrate Kevorkian considered the conditions of pretrial release and understood that they could be modified, the trial court did not err in concluding that she did not violate N.C. Gen. Stat. § 15A-534. Defendant has failed to convince us that his statutory rights were violated.

## IV. **Prejudice**

Assuming *arguendo* that defendant's statutory rights were violated, he has failed to demonstrate irreparable prejudice in the preparation of his defense. Defendant argues that magistrate Kevorkian's statutory violation caused "unnecessary delay in [his] release and irreparably prejudiced him" because he was denied prompt access to family, friends, and counsel. This argument is without merit. In the case *sub judice,* defendant failed to exercise his own rights to acquire the attendance of a sober and responsible witness to view the intoxilyxer testing procedure, making *him* responsible for any

lost opportunity to gather evidence. *See State v. Gilbert*, 85 N.C. App. 594, 597, 355 S.E.2d 261, 263-64 (1987) (concluding that defendant failed to show prejudice when record did not contain evidence that he was denied access to family and friends).  Further, defendant spent 1-2 hours calling third parties to secure his release from jail.  Any delay in his release or lost opportunity to gather evidence stemmed directly from his conduct – defendant has failed to show that he was prejudiced in order to gain relief.

## V.  Conclusion

Defendant has failed to make a sufficient showing of a substantial statutory violation and of the prejudice arising therefrom to warrant relief.  Accordingly, we find no error in the order of the trial court denying defendant's motion to dismiss.

No error.

Judges McGEE and HUNTER, Robert C. concur.

Report per Rule 30(e).